McCALEB, Justice.
Rapides Parish Police Jury is appealing from a judgment enjoining it, at the instance of plaintiff and ten other taxpayers, from paying membership dues of $750 to Red River Valley Improvement Association (a private non-profit corporation) pursuant to a resolution adopted by it on September 10, 1957. The basis for the judgment is that the proposed payment of membership dues to a private organization is an illegal expenditure of public funds, violative of Section 12 of Article 4 of the Constitution, which provides, in substance, that the funds of the State or any political subdivision thereof shall not be loaned, pledged or granted to any person, association or corporation, public or private, nor for the purchase of or subscription to the capital stock of any corporation or association whatever or for any private enterprise.
Appellant claims that the appeal is cognizable here because the suit is one to set aside an “ordinance” of the police jury appropriating $750 to the Red River Valley Association.
Our appellate jurisdiction cannot be sustained on this ground. Since the amount in controversy does not exceed $2,000 and the case does not present for determination the validity of a tax or a fine, penalty or forfeiture imposed by the State or one of its subdivisions, the only theory for a claim that this Court, and not the Court of Appeal, Second Circuit, is vested with *102 jurisdiction is that the appeal involves the legality of an ordinance of a police jury, which has been declared unconstitutional.[1] However, this case does not fall within the category of appeals because the action of the police jury declared invalid is not founded on an “ordinance” but upon a “resolution” of said jury.
During oral argument, it was contended by counsel for appellant that there is no difference between a resolution and an ordinance and he stated that the same formalities of publication, etc., are observed in the Parish oí Rapides for their adoption.
While we do not doubt the correctness of counsel’s statement respecting the jury’s compliance with the same formalities in the adoption of resolutions and ordinances, we cannot accede to his view that there is no difference between a resolution and an ordinance. In a broad sense, an ordinance is a local law or rule prescribed by a public subdivision or a municipality which emanates from its legislative authority as distinguished from administrative action; it is a permanent rule, a law or statute. See Black’s Law Dictionary, page 1238; McQuillin, “Municipal Corporations”, 3rd Ed. Vol. 5, Sec. 15.01. A resolution, on the other hand, has been defined to be a formal expression of the opinion or will of an official body, adopted by vote; the adoption of a motion, the subject matter of which would not properly constitute a statute. See Black’s Law Dictionary, page 1474. McQuillin states, in his treatise on Municipal Corporations, 3rd Ed. Vol. 5, Sec. 15.02:
“A ‘resolution’ is not an ‘ordinance’ and there is a distinction between the two terms as they are commonly used in charters * * * a resolution deals with matters of a special or temporary character; an ordinance prescribes some permanent rule of conduct or government to continue in force until the ordinance is repealed. It may further be observed that a resolution is ordinarily ministerial in character and relates to the administrative business of the municipality, whereas an ordinance is distinctively a legislative act. Thus, it may be stated broadly that all acts that are done by a municipal corporation in its ministerial capacity and for a temporary purpose may be put in the form of resolutions, and that matters upon which the municipal corporation desires to legislate must be put in the form of ordinances.”[2]
The payment of membership dues in a private organization can hardly be regarded as a matter which requires exertion' of legislative powers. Rather, it is of an administrative character and may be regarded in the same class as the recognition and provision for payment of an ordinary bill for services rendered to the police jury which, unquestionably, may be authorized by resolution.
Furthermore, in any aspect, the constitutional grant of jurisdiction being restricted to cases in which a law of the State or an ordinance of a public subdivision has been declared unconstitutional,[3] appellate jurisdiction may not be enter-
*103 tained by this Court when it is only a resolution of a public body which has been rendered invalid. So, for jurisdictional purposes, it would matter not in the instant case whether the action could have been accomplished by resolution or by the passage of an ordinance.
It is therefore ordered that the case be transferred to the Court of Appeal, Second Circuit, provided that the record is filed in that Court within 30 days from the date upon which this decree shall become final; otherwise, the appeal shall be dismissed.

. The pertinent clause of Section 10 of Article 7 of the Constitution reads that this Court “ * * * shall have appellate jurisdiction in all cases * * * wherein an ordinance of a parish, municipal corporation, board, or subdivision of the State, or a law of this State has been declared unconstitutional.”

. See also Dickson v. Hardy, La.App., 144 So. 519 where it was held that the assignment of powers and duties of the different departments of the City of Shreveport under commission form of government could be legally done by resolution. The above quoted statement from McQuillin and various other authorities were cited in support of the holding.

.In this connection, it seems evident that the constitutional plan was that, whenever a law or ordinance was declared violative of the basic law, the matter is of such public importance as to require immediate review by the court of last resort. It is difficult to perceive that this case is within that area.