590 So.2d 740 (1991)
Carl N. EUBANKS, Plaintiff-Appellant,
v.
CITY OF OPELOUSAS, et al., Defendant-Appellee.
No. 90-574.
Court of Appeal of Louisiana, Third Circuit.
November 13, 1991.
*741 Robert Fruge, Sunset, for plaintiff-appellant.
Richard Millspaugh, Opelousas, for defendant-appellee.
Before FORET, LABORDE and KING, JJ.
KING, Judge.
The issue presented by this appeal is whether the trial court was correct in granting an Exception of Prescription filed by the defendants.
On January 13, 1987, the Board of Aldermen of the City of Opelousas adopted a Resolution that abolished the position of Street and Sanitary Commissioner and consolidated the street, water, and sewerage department offices into one new department to be called the Department of Public Works. This Resolution abolished the single position of Street and Sanitary Commissioner and Carl N. Eubanks (hereinafter plaintiff), who occupied that position, was terminated as an employee of the City. On January 28, 1988, plaintiff filed suit against the City of Opelousas, the City of Opelousas Civil Service Commission and Board, John W. Joseph, the Mayor of Opelousas, and the Aldermen for the City of Opelousas (hereinafter all sometimes referred to as defendants) alleging that the office and his position of Street and Sanitary Commissioner had been abolished in violation of La.R.S. 33:381. Plaintiff sought a Writ of Mandamus to order the defendants to reinstate the office of Street and Sanitary Commissioner and reappoint him to that position. Defendants filed Exceptions of Lack of Subject Matter Jurisdiction and No Cause of Action. After a hearing on the exceptions, the trial judge granted defendants' Exception of Lack of Subject Matter Jurisdiction. Plaintiff appealed that judgment to this court. In that appeal, this court reversed the trial judge's decision and overruled the exception to jurisdiction. The case was remanded to the trial court for further proceedings. See, Eubanks v. City of Opelousas, an unpublished opinion bearing Number 88-938 on the Docket of this Court rendered on December 13, 1989, reh. den. January 23, 1990. On remand, defendants filed an Exception of Prescription. After a hearing on this exception, the trial judge granted the defendants' exception of prescription. A formal written judgment was signed. Plaintiff timely devolutively appealed the judgment. We affirm.

FACTS
On August 12, 1961, a special election was held in the City of Opelousas (hereinafter City) to determine whether the City would elect to have a civil service system as provided by La.Const.1921, Article 14, Section 15. On August 14, 1961, the vote was promolgated showing that a majority of the voters were in favor of the City having a civil service system. At a special meeting on April 17, 1962, the Mayor and Board of Aldermen of the City adopted Ordinance 10 of 1962 of the City creating a Municipal Civil Service Commission and Board for the City (hereinafter the City Civil Service Commission). This Ordinance was amended on April 27, 1962. Thereafter, the City has continuously operated under a civil service system.
Plaintiff was appointed to the position of Street and Sanitary Commissioner of the City by the governing authority of the City on September 17, 1984. At a regular meeting of the Board of Aldermen on January 13, 1987, a Resolution was adopted in which the street, water, and sewerage department offices of the City were consolidated into one department to be called the Department of Public Works, and the position of Street and Sanitary Commissioner was abolished effective January 31, 1987. On January 21, 1987, John W. Joseph, Mayor of the City, sent a letter to plaintiff notifying him of his termination as an employee of the City and advising him that his classified position as Street and Sanitary Commissioner was abolished. Plaintiff was also sent a letter by Donald Pefferkorn, *742 the Personnel Director of the City, on January 23, 1987, which also notified plaintiff of his termination and additionally notified him of his right to appeal to the Civil Service Board of the City within fifteen days of the action taken by the Aldermen abolishing his position.
On January 28, 1988, plaintiff filed suit against defendants seeking a Writ of Mandamus ordering the defendants to reinstate the office of Street and Sanitary Commissioner and reappoint plaintiff to that position. Defendants filed Exceptions of Lack of Subject Matter Jurisdiction and No Cause of Action. At a hearing on the exceptions, the trial judge granted defendants' Exception of Lack of Subject Matter Jurisdiction finding that the City Civil Service Commission had exclusive jurisdiction over plaintiff's claim. Plaintiff appealed the trial judge's decision to this court and this court reversed the trial judge's ruling on the basis that there was no evidence in the record to show that the City had complied with the applicable provisions of the Louisiana Constitution to establish a City Civil Service Commission for the City. Eubanks v. City of Opelousas, supra. The case was then remanded to the trial court for further proceedings. On remand, the defendants filed an Exception of Prescription on February 16, 1990. On April 20, 1990, a hearing was held on this exception and the trial court granted defendants' exception. The trial judge found, at the hearing on the exception, that defendants had introduced evidence proving that the City had a civil service system and a City Civil Service Commission properly constituted under the Louisiana Constitution and, therefore, exclusive jurisdiction rested with the City Civil Service Commission to contest the abolishment of the plaintiff's position and his discharge because plaintiff was a classified employee of the City. Finding that plaintiff had not timely appealed his dismissal from his classified position to the City Civil Service Commission, the trial court sustained the defendants' exception of prescription and ordered plaintiff's suit dismissed. Plaintiff appeals urging the trial court erred in its decision.

VALIDITY OF ACTION TAKEN BY RESOLUTION
Plaintiff alleges that he is entitled to a Writ Of Mandamus to recall the original January 13, 1987 Resolution of the City because defendants did not properly abolish the office and his position of Street and Sanitary Commissioner. Plaintiff argues that defendants were enacting law when they abolished the office and his position and, therefore, defendants were in violation of La.R.S. 33:406 which requires an enactment of law by ordinance. The pertinent part of La.R.S. 33:406 states:
"A. (1) Any law enacted by a board of aldermen shall be by ordinance. The style of all ordinances shall be: `Be it ordained by the board of aldermen of the City (or Town or Village, as the case may be) of ...' No ordinance shall be adopted except by the affirmative vote of a majority of the members of the board.
(2) Any act of the board which is not law shall be by resolution. A resolution shall be approved by an affirmative vote of a majority of the members of the board present at a meeting. No resolution shall require the signature or other action of the mayor to become effective."
The Supreme Court in James v. Rapides Parish Police Jury, 236 La. 493, 108 So.2d 100 (1959) distinguished between an ordinance and a resolution as follows:
"In a broad sense, an ordinance is a local law or rule prescribed by a public subdivision or a municipality which emanates from its legislative authority as distinguished from administrative action; it is a permanent rule, a law or statute. See Black's Law Dictionary, page 1238; McQuillin, `Municipal Corporations', 3rd Ed.Vol. 5, Sec. 15.01. A resolution, on the other hand, has been defined to be a formal expression of the opinion or will of an official body, adopted by vote; the adoption of a motion, the subject matter of which would not properly constitute a statute. See Black's Law Dictionary, page 1471. McQuillin states, in his treatise on Municipal Corporations, 3rd Ed. Vol. 5, Sec. 15.02:

*743 `A "resolution" is not an "ordinance" and there is a distinction between the two terms as they are commonly used in charters * * * a resolution deals with matters of a special or temporary character; an ordinance prescribes some permanent rule of conduct or government to continue in force until the ordinance is repealed. It may further be observed that a resolution is ordinarily ministerial in character and relates to the administrative business of the municipality, whereas an ordinance is distinctively a legislative act. Thus, it may be stated broadly that all acts that are done by a municipal corporation in its ministerial capacity and for a temporary purpose may be put in the form of resolutions, and that matters upon which the municipal corporation desires to legislate must be put in the form of ordinances.'" James v. Rapides Parish Police Jury, 236 La. 493, 108 So.2d 100, at page 102 (1959).
Chapter 2, Section 31 of the Code of Ordinances of the City of Opelousas states:
"All enactments of the mayor and board of aldermen of a permanent and general nature, and intended to become a part of the `Code of Ordinances of the City of Opelousas,' shall be enacted by the passage of an ordinance, and enactments of a temporary or special nature shall be enacted by the adoption of a resolution, unless otherwise specified or directed by law. All enactments of a penal nature or providing for the imposition of a penalty for the violation thereof shall be by ordinance. Municipal budgets and tax levies may be adopted by resolution."
Considering these authorities, we find that the abolition of the position of Street and Sanitary Commissioner of the City and the consolidation of the City street, water, and sewerage department offices into one new department, to be called the Department of Public Works, was ministerial in nature and is an administrative decision that expressed the will of the Board of Aldermen and is not an enactment of law. Therefore, we find that it was proper to do so by resolution rather than by ordinance. This is especially true since the office of Street and Sanitary Commissioner was not abolished, but simply combined with the water and sewerage department offices into the Department of Public Works. This is an enactment of a "special nature" properly enacted by adoption of a resolution. Additionally, since the abolishment of only the position of Street and Sanitary Commissioner was proper by a resolution, we find that the Board of Aldermen did not violate the recordation and publication requirements required by La.R.S. 33:406.

ABOLISHMENT OF OFFICE OF STREET COMMISSIONER
Plaintiff also argues that defendants' actions were in violation of La.R.S. Title 33 because the Lawrason Act (La.R.S. 33:321, et seq) mandates that there be a street commissioner. La.R.S. 33:381(A) states:
"The officers of every municipality shall be a mayor, aldermen, a chief of police, a tax collector, a clerk, and a street commissioner."
Plaintiff alleges that defendants' actions were the abolishment of the office of street commissioner and not the removal or discipline of an employee and, therefore, this case does not fall within the exclusive jurisdiction of the City Civil Service Commission.
Plaintiff does not contest the fact that he is a classified City employee. Under Section 10 of Ordinance No. 11 of 1962 of the City of Opelousas, "(classified employees) shall be governed by the provisions of Article 14, Section 15 of the Louisiana Constitution, and rules and regulations adopted under such authority." La. Const.1921, Article 14, Section 15(O)(1), which was in effect when City Ordinance 11 of 1962 was enacted, stated, "There is vested in the State Civil Service Commissioner and in the appropriate Civil Service Commissions for the several cities respectively the exclusive right to hear and decide all appeals and the legality of all removal and disciplinary cases...".
*744 Under the authority of La. Const.1921, Article 14, Section 15, which was then in effect, the City Civil Service Commission enacted Rule 11, Section 4.4 which states, "Appeals to the Board shall be filed within fifteen (15) days of the action or actions taken against the employee by the appointing authority." La. Const.1974, Article 10, Section 12, which was in effect when the action plaintiff contests occurred in 1987, also provides that, "Each commission shall have the exclusive power and authority to hear and decide all removal and disciplinary cases, ...".
In this case, there is a distinction to be made between the abolition of the office of street commissioner of the City and removal of an employee from a position as Street and Sanitary Commissioner of the City. La.R.S. 33:381 mandates that there shall be a street commissioner as an officer of the City but it does not mandate that there be a position of street commissioner. In the present case we find that there still is a street commission office for the City. The officer who is now in charge of the City's Department of Public Works is also in charge of the City's water and sewerage as well as in charge of its streets. We find that the City still has a street commission officer but that this position is now combined with other departments with one officer in charge of all departments. This finding is further substantiated by Resolution 12 of 1988 of the City, which was adopted after this suit was filed, clarifying the original consolidation of the street, water, and sewerage department offices into one new department by the City Resolution adopted on January 13, 1987, making it clear that the City had not abolished the office of street commissioner but had only consolidated the position with other positions. Under La.R.S. 33:362, it is permissible to consolidate departments. For this reason, we find that plaintiff's claim was only that of an employee of the City being removed from a position and, as such, under the exclusive jurisdiction of the City Civil Service Commission.
Therefore, La. Const.1974, Article 10, Section 12 and Rule 4, Section 4.4 of the City Civil Service Commission were applicable to plaintiff's claim. Since more than fifteen days elapsed from the action complained of, without plaintiff appealing to the City Civil Service Commission, we find that the trial court was correct in granting defendants' Exception of Prescription and ordering plaintiff's suit dismissed.
For the foregoing reasons, the judgment appealed from is affirmed. All costs of appeal are taxed to plaintiff-appellant.
AFFIRMED.