Dear Ms. Jackson:
You have requested an opinion of the Attorney General regarding the reimbursement of extra compensation paid three employees of the City of Harahan ("City") by the Board of Alderman ("Board").
The propriety of the payments was addressed in Attorney General Opinion No. 88-344, wherein the author concluded that the payments constituted retroactive compensation for services previously compensated in violation of Article VII, Section 14
of the Louisiana Constitution of 1974.
The City's attorney subsequently requested our opinion as to whether the City is obligated to seek reimbursement of the payments from the three recipients. In Opinion No. 90-136 we concluded that under the factual scenario surrounding the payments, the City was not legally required to seek reimbursement:
 "Since the payment was made through mistake the Mayor and Board of Aldermen of the City of Harahan must decide whether to reclaim what has been." (Emphasis Added.)
On February 4, 1993, the Board, over the protest of the Mayor, adopted Resolution No. 93-221 which provides, in pertinent part:
 "SECTION 1. The Mayor of the City of Harahan is hereby directed by the Board of Aldermen to recover the retroactive compensation made to the three employees, Barbara Butera, Mary Mosley and Carly Carrington, within thirty (30) days of the date of passage of this resolution in the following amounts:
 a) Barbara Butera $2,834.26 b) Mary Mosley $2,494.15 c) Carly Carrington $2,086.01
 SECTION 2. Should the Mayor of the City of Harahan be unable to effect recovery of the retroactive compensation made to the three employees, Barbara Butera, Mary Mosley and Carly Carrington, on or before the expiration of thirty (30) days of the passage of this resolution, the City Attorney of the City of Harahan is authorized and instructed on the thirty-first (31) day after passage of this resolution to institute the necessary legal proceedings to effect recovery."
As previously stated, Opinion No. 90-136 concluded that ". . . the Mayor and Board of Aldermen" must decide whether to seek reimbursement. You ask whether the author of the opinion meant that the Mayor must concur in the Board's resolution before the necessary legal action can be filed to effect recovery as directed by the resolution.
The statutory provision dispositive of your question is found at LSA-R.S. 33:406(A) which provides, in pertinent part:
 "A. (1) Any law enacted by a board of aldermen shall be by ordinance. The style of all ordinances shall be: "Be it ordained by the board of aldermen of the City (or Town or Village, as the case may be) of . . . . . . ." No ordinance shall be adopted except by the affirmative vote of a majority of the members of the board.
 (2) Any act of the board which is not law shall be approved by an affirmative vote of a majority of the members of the board present at a meeting. No resolution shall require the signature or other action of the mayor to become effective." (Emphasis added.)
As can be seen from the above language, Louisiana law distinguishes ordinances from resolutions. In Eubanks v. City of Opelousas, 590 So.2d 740 (La.App. 3rd Cir. 1991), the Third Circuit, likewise, acknowledged this distinction. Quoting from James v. Rapides Parish Police Jury, 236 La. 493, 108 So.2d 100 (1959), the court opined:
 "In a broad sense, an ordinance is a local law or rule prescribed by a public subdivision or a municipality which emanates from its legislative authority as distinguished from administrative action; it is a permanent rule, a law or statute. See Black's Law Dictionary, page 1238; McQuillin, `Municipal Corporation', 3rd Ed. Vol. 5, Sec. 15.01. A resolution, on the other hand, has been defined to be a formal expression of the opinion or will of an official body, adopted by vote; the adoption of a motion, the subject matter of which would not properly constitute a statute. See Black's Law Dictionary, page 1471. McQuillin states, in his treatise on Municipal Corporations, 3rd Ed. Vol. 5, Sec. 15.02:
 `A "resolution" is not an "ordinance" and there is a distinction between the two terms as they are commonly used in charters * * * a resolution deals with matters of a special or temporary character; an ordinance prescribes some permanent rule of conduct or government to continue in force until the ordinance is repealed. It may further be observed that a resolution is ordinarily ministerial in character and relates to the administrative business of the municipality, whereas an ordinance is distinctively a legislative act. Thus, it may be stated broadly that all acts that are done by a municipal corporation in its ministerial capacity and for a temporary purpose may be put in the form of resolutions, and that matters upon which the municipal corporation desires to legislate must be put in the form of ordinances.'"
In Eubanks, plaintiff filed a Writ of Mandamus against the City of Opelousas, seeking reinstatement as the city's Street and Sanitary Commission, a position abolished by a resolution of the Board of Aldermen. In finding the resolution to have been properly executed, the Court held:
 "Considering these authorities, we find that the abolition of the position of Street and Sanitary Commissioner of the City and the consolidation of the City street, water, and sewerage department offices into one new department, to be called the Department of Public Works, was ministerial in nature and is an administrative decision that expressed the will of the Board of Aldermen and is not an enactment of law. Therefore, we find that it was proper to do so by resolution rather than by ordinance . . . . This is an enactment of a `special nature' properly enacted by adoption of a resolution. Additionally, since the abolishment of only the position of Street and Sanitary Commissioner was proper by a resolution, we find that the Board of Aldermen did not violate the recordation and publication requirements required by La. R.S. 33:406."
Based on the above analyses, we are of the opinion that the Board's actions, in directing that necessary legal proceedings be filed to effect reimbursement is ministerial in nature. Thus, it is an administrative decision that expressed the will of the Board rather than an enactment of a law. Since it is ministerial in character, and deals with a matter of a special nature, we opine that it was properly effected by resolution.
We are further of the opinion that, under LSA-R.S.33:406(A)(2), the Mayor's concurrence is not necessary for the resolution to become effective. Thus, you may carry out the Board's directive despite the Mayor's protestation. The language in Opinion No. 90-136 referring to the Mayor and Board of Aldermen was merely figurative in nature, and was not intended to relate to the statutory provisions in LSA-R.S.33:406(A).
You also state that one of the employees who received the extra compensation is the current City Clerk. LSA-R.S.33:386(C) provides:
 "C. The mayor, subject to confirmation by the board of aldermen, may appoint and fix compensation for an attorney at law for the municipality, whose duties in such capacity may include representation of all municipal officers as defined by R.S. 33:381(A) in actions against them in connection with and arising out of their functions as such officers, and other duties as prescribed by the mayor. The municipality may also employ counsel to represent its interest should the occasion require."
In light of the above statutory language, you ask whether there would be a conflict of interest for you, as City Attorney, to file suit against the City Clerk, one of the municipal officers you are authorized to represent.
As discussed by telephone on Thursday, March 4, 1993, this inquiry has been forwarded to the Louisiana State Bar Association's Ethics Advisory Commission. It is my understanding that this issue has been assigned to Commission member John Scofield in Shreveport. It is my further understanding that Mr. Scofield will forward a written response to you in the very near future.
Trusting this sufficiently answers your questions, I am
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III:lbw-0067R