Dear Mayor Perritt:
This office is in receipt of your opinion request in which you raise the following issues for our resolution:
 (1) What is the requisite number of votes necessary to enact an ordinance where there are five members who serve on the board of aldermen?
 (2) What is the requisite number of votes necessary to amend zoning regulations?
In a Lawrason Act municipality, such as the City of Ruston, the provisions of LSA-R.S. 33:321, et seq., govern the actions of the board of aldermen. Interpreting these provisions, this office remains of the opinion that a quorum of the board of aldermen must be present in order to transact any business, regardless of what is on the agenda for the meeting. See Attorney General Opinion 75-595. A quorum is defined in LSA-R.S. 33:405(E) as a "majority of the members of the board of aldermen." This provision applied in your case requires the presence of three of the five aldermen in order to constitute a quorum and properly conduct a board meeting.
LSA-R.S. 33:406(A)(1) provides "no ordinance shall be adopted except by the affirmative vote of a majority of the members of the board." As applied in the instant case, and in response to your first inquiry, we conclude that three members of your board of aldermen must vote in favor of an ordinance in order to effectuate its passage. A two-to-one vote is not sufficient to enact a valid ordinance, and such ordinance would fail for lack of a majority vote. Further, an ordinance enacted in contravention to the voting formalities required by LSA-R.S.33:406(A)(1) is unenforceable. See recently released Attorney General Opinion Number 93-441, enclosed herewith.
To reiterate, there must be a quorum present to conduct business; board action in the absence of a quorum is not legally valid. Application of LSA-R.S. 33:406(A)(1) to your case would require the presence of at minimum three aldermen in order to conduct business; if only three aldermen are present, all must vote in favor of an ordinance to effectuate its passage.
However, note there is a distinction between board action to approve an ordinance, and board action to approve resolutions. LSA-R.S. 33:406(A)(2) provides that "any act of the board which is not law shall be by resolution". Resolutions require only "an affirmative vote of a majority of the members of the board present at the meeting". LSA-R.S. 33:406(A)(2). We are of the opinion that the language "members. . . . present at the meeting" within LSA-R.S. 33:406(A)(2) impliedly acknowledges that a quorum must be present; accordingly, if the minimum of three aldermen are present, the affirmative vote of only two of the aldermen is necessary to pass a resolution; however, anything less does not meet the requisites of the law and the motion or resolution must fail.
Language similar to that contained in LSA-R.S. 33:406(A)(2), is found within LSA-R.S. 33:4725, concerning the amendment of zoning regulations, as the latter statute requires a ". . . favorable vote of a majority of the members of the legislative body of the municipality who are present and voting" where there is a protest against a change signed by twenty percent or more of the landowners. However, a conclusion based on the similarity of the language between the two provision cannot immediately be drawn. Confusion concerning the proper number of votes to amend these zoning regulations arises because it is difficult to characterize the "zoning regulation" within LSA-R.S. 33:4725, i.e., is the amendment properly implemented via ordinance, requiring the majority vote of the board members, or is the amendment properly accomplished via resolution, requiring only the majority vote of the quorum? Further, is LSA-R.S. 33:4725 a constitutionally permissible special law superseding the general provisions of the Lawrason Act statutes?
If we determine that the amendment may properly be perfected by resolution, then no conflict exists between LSA-R.S.33:406(A)(2) and LSA-R.S. 33:4725, as both require only the majority vote of the quorum. At minimum, a two-to-one vote would then effectively pass an amendment to the regulation.
The Louisiana Supreme court noted the distinction between a resolution and an ordinance in James v. Rapides Parish Police Jury, 108 So.2d 100 (La. 1959), stating:
 "In a broad sense, an ordinance is a local law or rule prescribed by a public subdivision or a municipality which emanates from its legislative authority as distinguished from administrative action; it is a permanent rule, a law or statute . . . A resolution, on the other hand, has been defined to be a formal expression of the opinion or will of an official body, adopted by vote; the adoption of a motion, the subject matter of which would not properly constitute a statute." James, supra, at 102.
This office has previously examined LSA-R.S 33:4725 and accompanying provisions and at least impliedly determined that such zoning regulations are accomplished by ordinance. See Attorney General Opinion Number 85-172. At present, we more specifically conclude that the ability of a municipality to regulate and restrict the erection, construction, alteration, or use of buildings, structures or land is clearly outside the scope of mere administrative action; these "regulations" have the force and effect of law, and such "regulations" should be accomplished by ordinance. The vote to amend or change an ordinance is the same as the vote necessary to effectuate its passage; however, again we cannot invoke the same conclusion with respect to the amendment of zoning "regulations" without addressing the following additional concerns.
Because we make the determination that the amendment contemplated is appropriately characterized as an amendment to a zoning ordinance, a conflict then arises between the voting requirements of LSA-R.S. 33:4725 and the more stringent voting requirements of LSA-R.S. 33:406(A)(1). The characterization of LSA-R.S. 33:4725 as a special enactment of the legislature would provide a basis for finding these provisions controlling; however, we are of the opinion that LSA-R.S. 33:4725 is a general law. A general law is one which operates equally and uniformly upon all persons brought within relations and circumstances for which it provides, or one which operates equally upon all of a designated class. The salient feature of a special law is that it operates in one locality without the possibility of extended coverage to other areas. Davenport v. Hardy, 349 So.2d 858 (La. 1977); State v. Slay, 370 So.2d 508
(La. 1979). LSA-R.S. 33:4725 and accompanying provisions contemplate all municipalities within the state; accordingly, this office is of the opinion that the statute is a general rather than a special law.
The conflict is finally resolved because we find the Lawrason Act provisions controlling as the latest expression of legislative intent. Act 890 of the 1985 Regular Legislative Session reenacted the language of "affirmative vote of a majority of the members of the board" in LSA-R.S. 33:406(A)(1), subsequent to the enactment of Act 306 of the 1977 Regular Legislative Session, which added the language "who are present and voting" to LSA-R.S. 33:4725. Therefore, in response to your second inquiry, an amendment to a zoning regulation, properly accomplished by ordinance, requires the affirmative vote of a majority of the board membership. In the case presented, three favorable votes are necessary to promulgate the amendment.
We hope the foregoing is helpful to you. Should you have other inquiries, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0277E