Dear Mr. Barnes:
You have requested an opinion of the Attorney General, in your capacity as attorney for the City of Ruston ("City"), regarding the authority, vel non, of the Board of Aldermen ("Board") to engage the services of Bond Counsel ("Counsel"). Attached to your request are various documents, including Resolution No. 46 (Resolution) which was passed by unanimous vote of the Board on June 17, 1996. It is this Resolution and the directives contained therein that are at issue.
The Resolution, attached hereto as "Exhibit A", provides in pertinent part:
 "SECTION 1. The Mayor of the City be and she is hereby directed, authorized and empowered to contact Foley 
Judell, L.L.P. (Mr. William H. Beck, Jr.,) Bond Counsel, to initiate the legal proceedings to issue (i) approximately Nine Hundred Fifty Thousand Dollars ($950,000) of Water Revenue Refunding Bonds of the City and (ii) approximately Eighteen Million Dollars ($18,000,000) of electric, water and sewer utilities revenue bonds . . . .
 SECTION 2. Foley Judell, L.L.P., Bond Counsel be and it is hereby employed to do and perform comprehensive legal and coordinate professional work with respect to the issuance of the bonds described in Section 1 hereof, the fee for such services to be established by subsequent resolution of the Mayor and Board of Aldermen in accordance with the fee schedule set forth in the Attorney General's Guidelines for such services; provided, however, that no fees shall be due except in connection with any bond or other evidence of debt actually issued, sold and delivered pursuant to this resolution.
 SECTION 3. The Mayor of the City be and she is hereby further directed to arrange with said Bond Counsel to proceed as expeditiously as possible to implement the issuance of said bonds, all in accordance with the report presented by said Bond Counsel on April 4, 1996, all to the end that the public health, safety, welfare and benefit will be served."
As can be gleaned from the above, the Resolution directs the Mayor to contact Counsel named therein to expeditiously initiate the legal proceedings necessary to issue municipal bonds. The Mayor questions the validity and effect of the Resolution to the extent that it limits her contact to the Counsel named therein as selected by the Board. You ask whether the selection of Counsel pursuant to the attached Resolution is permissible.
The City is governed by the provisions of the Lawrason Act (R.S.33:321, et seq.). We find the following Sections, or portions thereof, to be applicable to your inquiry.
"§ 361. Municipal powers
* * *
 B. The power to perform any function necessary, requisite, or proper for the management of its affairs shall specifically include the power to levy and collect taxes and to assume indebtedness as provided by law. In this regard, the board of aldermen of a municipality may levy and collect taxes, incur debt, and issue bonds and other evidences of indebtedness as authorized by law.
 § 362. Exercise of municipal powers; legislative, executive
 A.(1) The legislative powers of a municipality shall be vested in and exercised by the board of aldermen.
* * *
 B. The mayor shall be chief executive officer of the municipality.
* * *
§ 386. Appointment of municipal officials; bond required
 A. At the first regular meeting of the board of aldermen succeeding each regular municipal election, the mayor, subject to confirmation by the board of aldermen, shall appoint a clerk, tax collector, and all other necessary officers whose election is not provided for in R.S. 33:381.
* * *
 C. The mayor, subject to confirmation by the board of aldermen, may appoint and fix compensation for an attorney at law for the municipality, whose duties in such capacity may include representation of all municipal officers as defined by R.S. 33:381(A) in actions against them in connection with and arising out of their functions as such officers, and other duties as prescribed by the mayor. The municipality may also employ counsel to represent its interest should the occasion require.
* * *
 § 406. Enactment, recording, and publication of ordinances and resolutions
 A. (1) Any law enacted by a board of aldermen shall be by ordinance. The style of all ordinances shall be: "Be it ordained by the board of aldermen of the City (or Town or Village, as the case may be) of . . ." No ordinance shall be adopted except by the affirmative vote of a majority of the members of the board.
 (2) Any act of the board which is not law shall be by resolution. A resolution shall be approved by an affirmative vote of a majority of the members of the board present at a meeting. No resolution shall require the signature or other action of the mayor to become effective."
[Emphasis added.]
As noted in R.S. 33:361, the power to perform any function
necessary for the management of the City's affairs shall include
the power to collect taxes, incur debt and issue bonds. Section 361 confers this power and/or authority squarely on the shoulders of the Board.
Section 386(C) specifically provides for the appointment of amunicipal attorney by the mayor, subject to confirmation by the Board. It also authorizes the "municipality" to employ counsel to represent it should the occasion arise.
The procurement of legal services with reference to the issuance of bonds falls exclusively under the supervision, control and authority of the Attorney General. The necessity for the hiring of a special attorney (e.g., bond counsel) must be reflected byresolution of the hiring authority, stating the reasons therefor and the compensation to be paid. The resolution is subject to the approval of the Attorney General. R.S. 42:261 through 263.
The hiring of bond counsel via a resolution of the Board must be examined in the context of R.S. 33:406(A)(1) and (2), relating to the enactment of ordinances and resolutions, quoted supra. The distinctions between the two are extensively discussed in the case of Eubanks v. City of Opelousas, 590 So.2d 740 (La.App 3rd Cir. 1991). Quoting from James v. Rapides Parish Police Jury,236 La. 493, 108 So.2d 100 (1959), the Court opined:
 "In a broad sense, an ordinance is a local law or rule prescribed by a public subdivision or a municipality which emanates from its legislative authority as distinguished from administrative action; it is a permanent rule, a law or statute. See Black's Law Dictionary, page 1238; McQuillin, `Municipal Corporation', 3rd Ed. Vol. 5, Sec. 15.01. A resolution, on the other hand, has been defined to be a formal expression of the opinion or will of an official body, adopted by vote; the adoption of a motion, the subject matter of which would not properly constitute a statute. See Black's Law Dictionary, page 1471. McQuillin states, in his treatise on Municipal Corporations, 3rd Ed. Vol. 5, Sec. 15.02:
 `A `resolution' is not an `ordinance' and there is a distinction between the two terms as they are commonly used in charters * * * a resolution deals with matters of a special or temporary character; an ordinance prescribes some permanent rule of conduct or government to continue in force until the ordinance is repealed. It may further be observed that a resolution is ordinarily ministerial in character and relates to the administrative business of the municipality, whereas an ordinance is distinctively a legislative act. Thus, it may be stated broadly that all acts that are done by a municipal corporation in its ministerial capacity and for a temporary purpose may be put in the form of resolutions, and that matters upon which the municipal corporation desires to legislate must be put in the form of ordinances.'"
In Eubanks, plaintiff filed a Writ of Mandamus against the City of Opelousas, seeking reinstatement as the City's Street and Sanitary Commissioner, a position abolished by a resolution of the Board of Aldermen. In finding the resolution to have been properly executed, the Court held:
 "Considering these authorities, we find that the abolition of the position of Street and Sanitary Commissioner of the City and the consolidation of the City street, water, and sewerage department offices into one new department, to be called the Department of Public Works, was ministerial in nature and is an administrative decision that expressed the will of the Board of Aldermen and is not an enactment of law. Therefore, we find that it was proper to do so by resolution rather than by ordinance . . . . This is an enactment of a `special nature' properly enacted by adoption of a resolution. Additionally, since the abolishment of only the position of Street and Sanitary Commissioner was proper by a resolution, we find that the Board of Aldermen did not violate the recordation and publication requirements required by La. R.S. 33:406."
Based on the above analysis, we are of the opinion that the Board's resolution directing the mayor to contact a named Bond Counsel to expeditiously initiate legal services for the issuance of municipal bonds constitutes an administrative/ministerial decision that expressed the will of the Board rather than the enactment of a law. Since it is ministerial in character, dealing with a matter of a special nature, we opine that it is properly effected by resolution.
We are further of the opinion that, under R.S. 33:406(A)(2), the Mayor's concurrence is not necessary for the resolution to become effective. In accord are Attorney General Opinion Nos. 93-117, 92-163, 79-555 and 74-301.
We have reviewed Attorney General Opinion No. 95-226 which addresses the validity of an ordinance passed by the Board. The issue before us is that of a resolution adopted by the Board. As previously discussed, there is a clear distinction between the two terms and the procedures surrounding their implementation. While we concur with the well-written opinion expressed in Attorney General Opinion No. 95-226, we find same to be inapposite to your present inquiry.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ROBERT E. HARROUN, III
Assistant Attorney General
RPI/ROB, III/cla