JiGAUDIN, Judge.
At paramount issue in this case is whether the Jefferson Parish Council by resolution can supersede a provision in the Comprehensive Zoning Ordinance directly contrary to the resolution. A trial judge in the 24th Judicial District Court said yes. We reverse. An ordinance, by its very nature and definition, is superior to a resolution and must prevail.
The facts of this case are generally not in dispute. Appellant Paul Paciera owns a parcel of land in Kenner, Louisiana which is zoned S-l Residential. He applied for a *334 permit to excavate clay and to install a fish pond. The permit was issued and later revoked.
The following dates and events are relevant to this proceeding:
On February 2, 1995, the Jefferson Parish Council passed resolution No. 78855, as follows:
“Section I. That the Planning Department and the Planning Advisory Board is hereby requested and authorized to conduct a study of the text of the Comprehensive Zoning Ordinance, more particularly Section VI, Suburban Residential (S-l) and Section XVII, Unrestricted District (U-l) to consider eliminating clay extracting and borrow pit operations as permitted uses in Suburban Residential (S-l) and to develop specific criteria for the siting of these uses as a Special Permitted Use in the Unrestricted District (U-l), in accordance with the provisions of Section XX-A, Special Permitted Uses.
_[£‘Seetion II. That a moratorium on the permitting of such operations shall be in effect for one year from the date of this resolution; and the Council may grant an extension to said moratorium for a period of an additional six months.”
Section XXVIII(5) of the Comprehensive Zoning Ordinance states unequivocally that when a zoning study is initiated by the Parish Council, “... the Department of Inspection and Code Enforcement shall not issue a certificate of use and occupancy on a building permit ... which would be prohibited by passage of the amendment, supplement, change or zoning study.”
On April 5, 1995, the Parish Council adopted resolution No. 79195. This resolution referred to the earlier resolution (No. 78855) authorizing the zoning study regarding elimination of clay extraction and borrow pit operations in S-l; the new resolution then went on to state, in spite of contradictory wording in the Comprehensive Zoning-Ordinance, that:
“There will be no moratorium on the permitting of such operations during the course of the zoning study.”
On October 11, 1995, the Jefferson Parish Department of Inspection and Code Enforcement issued a permit to Paciera to excavate clay for installation of a fish pond. Paciera started work pursuant to the permit. Although the permit is for a “fish pond,” it is quite evident from the record and testimony, including admissions by Paciera, that extensive clay removal was planned and that the excavated site would easily qualify as a borrow pit and be subject to the zoning study.
Paciera’s permit was revoked by the Department of Inspection and Code Enforcement by letter to him dated February 1, 1996. The letter said that the permit was being revoked because of an advisory opinion received from the Parish Attorney’s office. This opinion stated that resolution |3No. 79195 was null and of no effect because a provision in the Comprehensive Zoning Ordinance can only be repealed by an act of equal dignity and not by a mere council resolution.
Paciera filed an appeal to the Zoning Appeals Board, which found that the permit issued to Paciera was illegal and that it has been properly revoked. Paciera then filed suit in district court, which by judgment dated March 27, 1996 reversed the Zoning Appeals Board saying:
“Zoning laws are in derogation of private ownership and must be strictly construed in favor of the property owner.
“The Jefferson Parish Council validly declared that there would be no moratorium during the zoning study ...”
We fully agree with the first part of the judgment. The Council’s no moratorium resolution No. 79195, however, was an improper attempt to contravene an explicitly opposite provision in the Comprehensive Zoning Ordinance.
The Council can institute a change in the Comprehensive Zoning Ordinance but steps and procedures required for an amendment, spelled out in detail in Section XXVIII of the ordinance, must be followed. The process is involved and includes a public hearing, after notice, before the Planning Advisory Board.
A resolution in conflict with an ordinance cannot stand. Probably the best statement of the difference between a resolution *335 and an ordinance is in James v. Rapides Parish Police Jury, 236 La. 493, 108 So.2d 100 (1959), wherein the Supreme Court of Louisiana said at page 102:
“While we do not doubt the correctness of counsel’s statement respecting the jury’s compliance with the same formalities in the adoption of resolutions and ordinances, we cannot accede to his view that there is no difference between a resolution and an ordinance. In a broad sense, an ordinance is a |4local law or rule prescribed by a public subdivision or a municipality which emanates from its legislative authority as distinguished from an administrative action; it is a permanent rule, a law or statute. See Black’s Law Dictionary, page 1238; McQuillin, ‘Municipal Corporations’, 3rd Ed. Vol. 5, Sec. 15:01. A resolution, on the other hand, has been defined to be a formal expression of the opinion or will of an official body, adopted by vote; the adoption of a motion, the subject matter of which would not properly constitute a statute. See Black’s Law Dictionary, page 1474, McQuillin states in his treatise on Municipal Corporations, 3rd Ed. Vol. 5, Sec. 15:02:
‘A resolution is not an ordinance and there is a distinction between the two terms as they are commonly used in charters * * * a resolution deals with matters of a special or temporary character; an ordinance prescribes some permanent rule of conduct or government to continue in force until the ordinance is repealed. It may further be observed that a resolution is ordinarily ministerial in character and relates to the administrative business of the municipality, whereas an ordinance is distinctively a legislative act. Thus, it may be stated broadly that all acts that are done by a municipal corporation in its ministerial capacity and for a temporary purpose may be put in the form of resolutions, and that matters upon which the municipal corporation desires to legislate must be put in the form of ordinances.’ ”
For the foregoing reasons, we set aside the district court judgment in Paciera’s favor and we reinstate the ruling of the Zoning Appeals Board which affirmed the revocation of Paci-era’s permit.
Each side is to pay its respective court costs.
REVERSED.