Dear Mr. Ratcliff:
You requested an opinion from this office regarding whether the procedure currently in use by the Livingston Parish Council for the adoption of ordinances complies with the provisions of the Livingston Parish Home Rule Charter. Section 2-12 of the Livingston Parish Home Rule Charter sets forth the procedure for adoption of ordinances by the parish council:
 Section 2-12. Ordinances in General A. All proposed ordinances shall be introduced in writing at a meeting of the council in the form required for adoption and, except for codification, the operating budget and capital improvement budget, shall be confined to one subject expressed clearly in the title.
 B. All proposed ordinances shall be read by title when introduced and published in the official journal by title within ten (10) days after introduction, except that ordinances proposing amendments to the charter shall be published in full. Except as otherwise provided in the section on "Emergency Ordinances," no ordinance shall be considered for final passage until at least two (2) weeks from date of introduction and after a public hearing has been held on the ordinance.
 C. With the final approval of ordinances by the president, or the council in case of a veto by the president, such enacted ordinances shall be published in full or in summary at the council's discretion in the official journal by the clerk of the council within fifteen (15) days after adoption. Every enacted ordinance, unless it shall specify another date, shall become effective at the expiration of fifteen (15) days after final adoption.
As we understand the procedure currently being used by the parish council, when a proposed ordinance is introduced, no vote of the council is taken on its introduction, its publication or on whether to set it for a public hearing. You and the parish clerk have informed the undersigned that, under the procedure currently in use, proposed ordinances may be introduced by members of the general public, as well as by council members.
You have also advised us that the Livingston Parish Council has adopted Robert's Rules of Order as its rules for the conduct of business. Article I, § 1 of Robert's Rules of Order, with regard to introduction of business, states:
 An assembly having been organized as described in 69, 70, 71, business is brought before it either by the motion of a member, or by the presentation of a communication to the assembly. It is not usual to make motions to receive reports of committees or communications to the assembly. There are many other cases in the ordinary routine of business where the formality of a motion is dispensed with, but should any member object, a regular motion becomes necessary, or the chair may put the question without waiting for a motion.
Thus it would appear that introduction of a proposed ordinance can be brought on motion of a member of the parish council or by its presentation to the council (which presumably could be done at a council meeting by a member of the general public). That being the case, once the proposed ordinance has been introduced, its publication in the official journal of the parish is mandated by Section 2-12(B) of the Livingston Parish Home Rule Charter and no motion is necessary. However, because the time for holding the required public hearing on a proposed ordinance is open-ended, some action by the council would be necessary to set the date for the public hearing. This would be accomplished by motion, which is defined in Article I, § 4 of Robert's Rules of Order as ". . . a proposal that the assembly take certain action, or that it express itself as holding certain views." Further, Section 2-07(E) of the Home Rule Charter provides:
 The council shall determine by resolution its own rules and order of business and shall provide for keeping a record of its minutes and proceedings. All official actions of the council shall be published in the official journal within thirty (30) days of the action taken.
Thus, under the Home Rule Charter, the action of the parish council in setting a date for a public hearing would have to be on motion, properly adopted, (a resolution) and published in the official journal.
At this juncture, it may be worthy of note that governmental entities act in two ways, by ordinance or by resolution. An ordinance is an exercise of legislative authority, while a resolution is a ministerial, administrative expression of the opinion or will of the body. See, James v. Rapides ParishPolice Jury, 236 La. 493, 108 So.2d 100 (1959); Board ofRegents v. Board of Trustees for State Colleges andUniversities, 479 So.2d 931 (La.App. 1st Cir. 1985).
Assuming Robert's Rules of Order were adopted as the rules for the council by ordinance, and no subsequent ordinance has been adopted to alter those rules, we are of the opinion that introduction of a proposed ordinance must be made on motion of a council member or by communication to the parish council. Once introduced, because the Home Rule Charter requires publication within ten days, no further action by the council is required in that regard. The determination of the date for public hearing would have to be by resolution of the council.
You also requested our opinion as to whether funds received from a 1/2% sales tax imposed by Sales Tax District No. 6 (co-extensive with the boundaries of Gravity Drainage District No. 2) can be used to pay an engineering firm to approve drainage impact studies, construction plans and plats of developments in the district. You provided us with a copy of the sales tax proposition presented to the voters. It provides:
 Shall Sales Tax District No. 6 (co-extensive with the boundaries of Gravity Drainage District No. 2) of the Parish of Livingston, State of Louisiana (the "District"), under the provisions of Article VI, Section 29 of the Constitution of the State of Louisiana of 1974, and other constitutional and statutory authority supplemental thereto, be authorized to levy and collect and adopt an ordinance providing for such levy and collection, a tax of one-half of one percent (1/2%) (the "Tax") upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption, of tangible personal property and on sales of services in the District, all as presently defined in La. R.S. 47:301 through 47:317, with the proceeds of the Tax (after paying the reasonable and necessary expenses of collecting and administering the Tax), to be dedicated and used for constructing, improving and maintaining drainage facilities within and for the District and purchasing necessary equipment therefor; and further shall the District be authorized to fund the proceeds of the Tax into bonds to be used in series from time to time for the purpose of making capital improvements for the purposes listed above for the District, to the extent and in the manner permitted by the laws of Louisiana, including Sub-Part F, Part III, Chapter 4, Title 39 of the Louisiana Revised Statutes of 1950? (Underscoring added)
The tax is clearly dedicated to use for construction, improvement and maintenance of drainage facilities (and purchase of necessary equipment). Thus, the question is whether approval of drainage impact studies, construction plans and plats for new developments fall within the scope of the tax dedication. Inasmuch as review and approval of drainage impact studies would be necessary to assure the proper maintenance of, or to determine the need for improvement of, existing drainage facilities or to determine the need for construction of new drainage facilities, as a result of the proposed developments, we are of the opinion that expenditure of the proceeds of the sales and use tax for those purposes would fall within the scope of the tax dedication.
We trust this opinion is sufficient to satisfy your needs. Should you have further questions, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ RANDALL A. KARR ASSISTANT ATTORNEY GENERAL
Date Received: Date Released:
Randall A. Karr Assistant Attorney General