Dear Mayor McCullen:
Your request for an Attorney General's opinion has been forwarded to me for research and reply.
Specifically, you ask if the mayor of a Home Rule Charter municipality has the power to veto a resolution. You also state that your charter is silent concerning this veto.
A review of the portions of your charter which accompanied your opinion request reveals that Sections 2.10, 2.11 and 2.12 concern the actions of your council requiring an ordinance, general information about enacting an ordinance and the submission of ordinances to the mayor. Of particular interest is Section 2.10 which states in pertinent part, "An act of the council requiring the force of law shall be by ordinance. (Emphasis added)." In contrast, a resolution is not an act given the force of law.
This issue was addressed most recently in Attorney General Opinions 92-163, 96-326 and 00-88. While these opinions deal with Lawrason Act Municipalities, the same reasoning would apply to a municipality governed by a Home Rule Charter.
In Opinion 96-326 the distinctions between an ordinance and a resolution were discussed. In fact, that opinion quotes from the cases of Eubanks v. City of Opelousas, 590 So.2d 740 (La.App. 3d Cir. 1991) and from James v. Rapides Parish Police Jury, 236 La. 493, 108 So.2d 100
(La. 1959) as follows:
 In a broad sense, an ordinance is a local law or rule prescribed by a public subdivision or a municipality which emanates from its legislative authority as distinguished from administrative action; it is a permanent rule, a law or statute. See Black's Law Dictionary, page 1238; McQuillin, `Municipal Corporation', 3rd Ed. Vol. 5, Sec. 15.01. A resolution, on the other hand, has been defined to be a formal expression of the opinion or will of an official body, adopted by vote; the adoption of a motion, the subject matter of which would not properly constitute a statute. See Black's Law Dictionary, page 1471. McQuillin states, in his treatise on Municipal Corporations, 3rd Ed. Vol. 5, Sec. 15.02:
 A "resolution" is not an "ordinance" and there is a distinction between the two terms as they are commonly used in charters * * * a resolution deals with matters of a special or temporary character; an ordinance prescribes some permanent rule of conduct or government to continue in force until the ordinance is repealed. It may further be observed that a resolution is ordinarily ministerial in character and relates to the administrative business of the municipality, whereas an ordinance is distinctively a legislative act. Thus, it may be stated broadly that all acts that are done by a municipal corporation in its ministerial capacity and for a temporary purpose may be put in the form of resolutions, and that matters upon which the municipal corporation desires to legislate must be put in the form of ordinances.
The court in Eubanks (supra) went on to opine that a resolution does not need the mayor's concurrence to become effective. It would then follow that a mayor cannot veto something which does not require his concurrence. Further, in Opinion 00-88 this office stated, "with regard to simple motions and resolutions, the mayor's veto power is non-existent."
Therefore, we conclude that like a Lawrason Act Municipality, the mayor of your municipality cannot veto a resolution passed by your council.
We trust this sufficiently answers your question. However, if you should need anything further, do not hesitate to contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ FRANCES J. PITMAN ASSISTANT ATTORNEY GENERAL
RPI:FJP:sc
DATE RECEIVED BR: 07-25-02 DATE RECEIVED SHV: 07-25-02
DATE RELEASED: October 8, 2002