VICTORY, J.,
dissents.
|,I dissent from the majority opinion because in my view, La. R.S. 13:5105(D) permits a political subdivision to waive the prohibition against jury trials on a case-by-case basis. If the legislature had intended to prohibit a political subdivision from waiving the prohibition on-a case-by-case basis, it would not have worded La. R.S. 13:5105(D) to allow the prohibition to be waived by “resolution,” as resolutions deal with “matters of a special or temporary character.” James v. Rapides Parish Police Jury, 236 La. 493, 497-98, 108 So.2d 100, 102 (1959) (distinguishing “ordinances” from “resolutions”). Further, the statute allows the political- subdivision to “waive the prohibition against a jury trial ...” La. R.S. 13:5105(D) (emphasis added). *493 The use of the singular, “a jury trial,” clearly indicates the legislature’s intent to allow a waiver in a single case. In addition, I disagree with the majority’s reasoning that the legislature must have intended to only allow blanket waivers because they wanted the 12parties to be on equal footing with regards to demanding a jury trial. Private parties and political subdivisions are simply not on equal footing in trials against the political subdivision from the outset by virtue of La. R.S. 13:5105(A), which prohibits private parties from demanding a jury. It is within the political subdivision’s sole discretion to allow a jury trial under La. R.S. 13:5105(D), whether this is done by blanket waiver or for a single case. Simply put, the parties are not on equal footing prior to the waiver or after.
Finally, in determining whether La. R.S. 13:5105(D) violated La. Const. art. VI, § 25, the Court in Kimball concluded that “[t]he adoption of a resolution, pursuant to a statute giving the political subdivision the power to adopt it, which allows for that political subdivision to ivaive the prohibition of R.S. 13:5105(A) and elect on a case-by-case basis whether it desires a jury trial,” does not violate La. Const. art. VI, § 25. Kimball v. Allstate Ins. Co., 1997-2885, (La.4/14/98), 712 So.2d 46, 61-62 (emphasis added). Although the specific question of whether the statute allowed waiver on a case-by-case basis was not at issue in Kimball, this statement can be seen to reflect the Court’s interpretation of La. R.S. 13:5105(D) at that time.
As La. Const. art. III, § 12(A), prohibiting “special laws,” applies only to the powers and limitations of the Legislature, and not political subdivisions, Op. at 482-84, I see no reason why the statute cannot be applied as written to allow the City of Kenner to enact a resolution waiving the prohibition against jury trials in this specific case.
For the above reasons, I respectfully dissent.