STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

03-155

ARN SMITH AND DEIDRE BELL SMITH

VERSUS

CITY OF LAKE CHARLES POLICE
DEPARTMENT, ET AL.

**********
APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 00-C-3616-A
HONORABLE JAMES T. GENOVESE, DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

WRIT GRANTED IN PART AND MADE PEREMPTORY; DENIED IN PART AND MATTER TRANSFERRED.

John Kevin Stockstill
600 Jefferson, Suite 1000-79
Lafayette, LA 70501
(337) 262-0203
Counsel for Plaintiffs/Applicants
    Arn Smith
    Deidre Bell Smith

**Jerry Joseph Falgoust**
**Dauzat, Falgoust, Caviness & Bienvenu, L.L.P.**
**P. O. Box 1450**
**Opelousas, LA 70571**
**(337) 942-5811**
**Counsel for Defendants/Respondents**
    **City of Opelousas Police Department**
    **Sgt. Donald Thompson**

**Christopher E. John**
**Asst. City Attorney**
**P.O. Box 900**
**Lake Charles, LA 70602-0900**
**(337) 491-1523**
**Counsel for Defendants/Respondents**
    **City of Lake Charles**
    **Detective Billy Toten**

**Larry Allen Wallace, Jr.**
**345 Doucet Road, Ste 104-A**
**Lafayette, LA 70503**
**(337) 983-0170**
**Counsel for Defendants/Respondents**
    **Hartford Insurance Company**
    **City of Eunice Police Department**
    **Sgt. Varden Guillory, Sr.**
    **Sgt. Richard Daigle**

GREMILLION, Judge.

The plaintiffs, Arn and Deidre Smith, seek supervisory writs on the trial court's denial of their request for a jury trial against the City of Eunice's liability insurer, Hartford Insurance Company, and its grant of a declinatory exception of improper venue in favor of the defendants, the City of Lake Charles and Detective Billy Toten. For the following reasons, the writ is granted in part and made peremptory and denied in part and the Smiths' claims against Lake Charles and Toten is ordered transferred to the Fourteenth Judicial District Court.

## FACTS

This matter stems from investigations arising from several scams to defraud elderly women of money in the towns of Southhaven, Mississippi, and Lake Charles, Eunice, and Opelousas, Louisiana. As a result of the investigations conducted by the various police departments, Arn Smith (Smith) was arrested by the Eunice and Opelousas Police Departments and was detained by the Southhaven Police Department. Smith and his wife then filed suit in St. Landry Parish against various defendants alleging false arrest, invasion of privacy, gross negligence, and /or outrageous, reckless, willful, or flagrant misconduct. The defendants named in the petition include those at issue here: the City of Eunice Police Department and Sergeants Varden Guillory, Sr. and Donald Thompson; and the City of Lake Charles Police Department and Detective Billy Toten.[1] In their petition, the Smiths requested that the matter be tried by a jury. In an amending petition, the Smiths added as defendant Eunice's liability insurer, Hartford.

---

[1] The remaining defendants are: the City of Southhaven Police Department; and the City of Opelousas Police Department and Sergeant Richard Daigle and Detective Don Hammons.

1

At issue in this writ application are two rulings by the trial court. In the first, the trial court denied the Smiths' request for a trial by jury against Hartford. Next, the trial court granted Lake Charles and Toten's declinatory exception of improper venue and held that all claims against them should be filed in Calcasieu Parish. The trial court granted the Smiths thirty days in which to re-file their lawsuit against Lake Charles and Toten in the Fourteenth Judicial District. It is from these two rulings that the Smiths sought supervisory writs from this court.

## RIGHT TO JURY TRIAL

In their first assignment of error, the Smiths argue that the trial court erred by denying them their right to a jury trial against Hartford. We agree.

Louisiana Revised Statutes 13:5105(A) provides that, "No suit against a political subdivision of the state shall be tried by jury." In this instance, the Smiths are requesting a trial by jury against Hartford, Eunice's liability insurer, not against Eunice itself. In *Jones v. City of Kenner*, 338 So.2d 606 (La.1976), the supreme court held that the prohibition of a jury trial against a political subdivision of the state did not extend to the political subdivision's liability insurer. In so holding, the supreme court stated: "Therefore, as in *Champagne [v. American Southern Insurance Co.*, 295 So.2d 437 (La.1974)], we hold that the plaintiffs cannot be deprived of their jury trial against such non-governmental defendant because a governmental defendant is joined as a party, despite any identity or substantial similarity of the issues against both." *Id.* at 607. That reasoning was recently applied with approval in *Naquin v. Titan Indemnity Co.*, 00-1585 (La. 2/21/01), 779 So.2d 704, in which the supreme court held that the ninety day service rule provided to a governmental entity by La.R.S.

2

13:5107(D) did not extend to the governmental entity's insurer, a non-governmental entity. Thus, we find that the trial court erred in denying the Smiths their right to a jury trial against Hartford, even though it is the liability insurer of a political subdivision. The Smiths' writ on this issue is granted and made peremptory.

## IMPROPER VENUE

In their second assignment of error, the Smiths argue that the trial court erred in finding that Calcasieu Parish was the proper venue for their claims against Lake Charles and Toten. However, we agree with the trial court's finding and affirm its ruling.

Louisiana Revised Statute 13:5104(B) provides:

> All suits filed against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising our of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises.

With regard to Lake Charles and Toten, the Smiths alleged in their petition that:

> Upon information and belief, between the time period February 17, 1999 to October 19, 1999, the Defendants performed and/or participated in an investigation of Plaintiff, ARN SMITH. Plaintiff was investigated regarding his alleged role in numerous thefts and/or attempted thefts and/or schemes to defraud involving elderly women in Southhaven, Mississippi, Lake Charles, Louisiana, Eunice, Louisiana and Opelousas, Louisiana.

In their amending petition, they alleged, "The CITY OF LAKE CHARLES POLICE DEPARTMENT'S AND DETECTIVE BILL TOTEN's conduct enumerated in Paragraph VI and VII of Plaintiffs' Petition For Damages and the investigations performed and/or participated in by them occurred in Calcasieu Parish." Paragraphs

3

"VI" and "VII" provide:

## VI.

During the course of the investigations by Defendants, Defendants knew, or in the exercise of minimal diligence should have known, that the charges against Plaintiff were not well founded.

## VII.

In addition, the Defendants failed to interview witnesses which would have eliminated Plaintiff as a suspect, failed to investigate the possibility that the Plaintiff was misidentified and/or obtained identification evidence that was so suggestive and improperly obtained as to render it highly unreliable.

The doctrine of ancillary jurisdiction was adopted, if not wholeheartedly, by the supreme court in *Underwood v. Lane Memorial Hospital*, 97-1997 (La. 7/8/98), 714 So.2d 715. There, the court explained: "Ancillary venue applies when separate claims involving common or identical questions of fact share no common venue. The concept of ancillary venue allows such claims to be tried together for reasons of judicial economy and efficiency, even though venue is not proper technically for one claim or one part." *Id.* at 719. The test in such instances is whether the incidents giving rise to the claims against the political subdivisions arose out of the same transaction or occurrence. *Id.*

In this instance, although the Smiths are asserting the same causes of action against the various defendants, we find that the claims are based on different factual circumstances, *i.e.*, the individual investigations conducted by each police department leading up to their arrest/detention of Smith. Although Lake Charles did not arrest or detain Smith as a result of its investigation, the Smiths admitted in their petition that the conduct complained of by them occurred in Calcasieu Parish, while

4

all other complained of conduct occurred in St. Landry Parish. Since the Smiths' claim against Lake Charles and Toten did not arise from the same transaction or occurrence as the other claims, we find that venue against them would be improper in St. Landry Parish, since all of the parties associated with this claim are located in Lake Charles, even the Smiths. Accordingly, we find that the trial court correctly granted Lake Charles and Toten's declinatory exception of improper venue and ordered that any action against them should be brought in the Fourteenth Judicial District in Calcasieu Parish. The Smiths' claim against Lake Charles and Toten is ordered transferred to the Fourteenth Judicial District Court.

## CONCLUSION

For the foregoing reasons, the writ is granted in part and made peremptory, finding that the trial court improperly denied the Smiths their right to a jury trial against Hartford Insurance Company. However, the writ is denied on the issue of whether the trial court correctly granted the declinatory exception of improper venue in favor of the City of Lake Charles Police Department and Detective Billy Toten. The Smiths' claim against these defendants is ordered transferred to the Fourteenth Judicial District Court. The costs of this writ are assessed half to the Smiths and half to the City of Eunice in the amount of $754.50 each.

**WRIT GRANTED IN PART AND MADE PEREMPTORY; DENIED IN PART AND MATTER TRANSFERRED.**

5