338 So.2d 606 (1976)
Donald G. JONES and Gloria Jones, Individually and as the natural tutors of their minor son, Donald G. Jones, Jr., Plaintiffs-Relators,
v.
CITY OF KENNER et al., Defendants-Respondents.
No. 57589.
Supreme Court of Louisiana.
October 6, 1976.
Rehearing Denied November 5, 1976.
*607 Jerome M. Volk, Jr., Windhorst, Heisler, De Laup & Wysocki, New Orleans, for plaintiffs-relators.
Francis G. Weller, Deutsch, Kerrigan & Stiles, New Orleans, for defendants-respondents.
TATE, Justice.
The issue here is whether a plaintiff in a damage suit against a political subdivision and its liability insurer has the right to trial by jury. The district court ruled that the suit was triable by the judge alone against both defendants.
We granted certiorari, 329 So.2d 457 (1976), primarily (I) to determine whether the trial court's decision preventing jury trial against the liability insurer was in conflict with our decision in Champagne v. American Southern Insurance Company, 295 So.2d 437 (1974). Also at issue (II) is whether La.R.S. 13:5105 (1975) offends the Louisiana Constitution of 1974 by depriving litigants of a jury trial in suits against public bodies.

I
La.R.S. 13:5105 (as amended in 1975) provides: "No suit against the state or a state agency or political subdivision shall be tried by a jury." (Italics ours.) Initially, we note that the defendant municipality, the City of Kenner,[1] is a political subdivision within the meaning of this statute and of our state constitution. See La.Constitution of 1974, Article 6, Section 44(2), (3).
In Champagne v. American Southern Insurance Company, 295 So.2d 437 (La. 1974), we held that, considering the scheme of our statutory and constitutional law, a civil litigant was not to be deprived of the important right of jury trial except by express legislative provision.
Our legislature has provided for the right of jury trial in all civil cases, with only express exceptions. La.C.Civ.P. arts. 1731-33. The only exception here applicable is that exempting a "political subdivision" from jury trial. See La.R.S. 13:5105 and La.C.Civ.P. art. 1733(5) ("A trial by jury shall not be available in: . . . (5) All cases where a jury trial is specifically denied by law.")
The statute expressly declares that a jury trial is not available against the political subdivision (the City of Kenner), but it does not extend this exemption from jury trial to the public body's liability insurer. Therefore, as in Champagne, we hold that the plaintiffs cannot be deprived of their jury trial against such non-governmental defendant because a governmental defendant is joined as a party, despite any identity or substantial similarity of the issues against both.
*608 In Champagne, we further noted that under La.C.Civ.P. art. 1735, there is to be one trial, with the jury deciding issues as to the non-governmental defendant and the judge as to the governmental defendant. The decision likewise notes the procedural controls available to prevent disparity of result in this combined single trial, the practice in the federal courts in administering the source provisions of Louisiana's code articles relating to jury trial. See also Watson v. Hartford Accident & Indemnity Company, 214 So.2d 395 (La.App. 3d Cir. 1968).
Accordingly, the trial court erred in denying the plaintiffs their right to a jury trial against the liability insurer of the defendant municipality.

II
The plaintiffs further argue that La. R.S. 13:5105 (1975) has been legislatively overruled by adoption of the Louisiana Constitution of 1974, which was effective January 1, 1975. They also contend that the statutory denial of the jury trial is inconsistent with the provisions of this constitution recognizing the abolition of governmental immunity against tort suits by injured persons. See Article 12, Section 10.
The former (legislative-overruling) argument is directed against the predecessor statute. La.R.S. 13:5101-05 (1960). Whatever merit there may have been to that argument, is baseless as to the present statute. The latter was enacted in 1975 prior to the present suit, and it is applicable in denying a jury trial in "any suit" against a public body such as here involved. La.R.S. 13:5101 (1975), also La.R.S. 13:5105 (1975).
In contending that the present statute is inconsistent with the Louisiana constitution's abrogation of governmental immunity, the plaintiffs solely rely upon the constitutional provision to this effect. La.Const. of 1974, Art. 12, Section 10. Subsection (C) of that article specifically authorizes the legislature "to provide a procedure" for suits against public bodies. On the basis of the sole argument urged to us, we are unable to hold that the procedural authorization of non-jury trial offends Article 12, Section 10, of our 1974 constitution.
Accordingly, the trial court correctly held that the defendant City of Kenner and its agency (see footnote 1) may properly claim exemption from jury trial.

Decree
For the foregoing reasons, therefore, we set aside the district court order insofar as it denied the plaintiffs a jury trial against the defendant liability insurer. In other respects, it is reinstated, as thus modified. The defendant insurer is cast with the costs of application to the court of appeal and to this court; all other costs to await final termination of these proceedings.
DISTRICT COURT ORDER MODIFIED, INSOFAR AS IT DENIED A JURY TRIAL AGAINST THE DEFENDANT INSURER.
SANDERS, C. J., dissents with written reasons.
SUMMERS, J., dissents for the reasons assigned by the Court of Appeal.
SANDERS, Chief Justice (dissenting).
The issue here is whether a plaintiff in a damage suit against a political subdivision and its liability insurer has the right to trial by jury as the liability insurer. The district court ruled that the suit was triable by the judge alone. The majority reverses, holding that the liability of the insurer is to be determined by a jury, though that of the insured political subdivision is to be determined by the judge. I disagree.
LSA-R.S. 13:5105, the controlling statute, provides:
"No suit against the state or a state agency or political subdivision shall be tried by jury." (Italics mine.)
For most purposes, a public liability insurer stands in the shoes of the insured. Noel v. State, La., 284 So.2d 587 (1973); American Indemnity Company v. Solomon, 231 F.2d 853 (1956); Banks v. Associated Indemnity Co., 161 F.2d 305 (1947); Shaw v. New York Fire and Marine Underwriters, *609 Inc., 252 La. 653, 212 So.2d 416 (1968); Morse v. Hartford Casualty Insurance Company, La.App., 326 So.2d 390 (3rd Cir. 1976); See Cunningham v. Hardware Mutual Casualty Company, La.App., 228 So.2d 700 (1st Cir. 1969). I think the principle applies especially to the procedural matter of whether the suit will be tried by jury or by judge.
In the present case, the issue is the same for both the insured and insurer: Is the insured liable as a tort-feasor? If the insured is not liable, it follows that the insurer cannot be held. See LSA-R.S. 22:655. I agree with the First Circuit Court of Appeal's holding in Zuber v. Lafourche Parish School Board, La.App., 325 So.2d 764 (1976), that when a jury trial against a political subdivision is prohibited, the same prohibition applies to its liability insurer. There, the Court of Appeal stated:
"Lastly, as to the argument that there is no justification for the denial of a jury trial as against the liability insurer, the courts of this state on several occasions have wrestled with the problem of jury trials where the state or an agency or political subdivision thereof has been a party defendant. . . .
* * * * * *
"In all of the above cases[1] where the courts have ruled that a jury could determine the issues as they affected the individual litigants, and the judge would determine all other issues, the issues as they did exist were clearly distinguishable as between the individual litigants and the governmental bodies. We do not believe that in the instant proceeding, however, we have such a situation. The Trial Judge in his written reasons for judgment very properly pointed out, `the situation does not exist here where there is any other issue than the liability of the public body named herein as the defendant, and there is no issue to sever for the jury to decide one facet and the judge to decide the other.' We agree with this appraisal by the Trial Judge, and we do not believe that the facts in this case come within the reasoning of Watson v. Hartford Accident and Indemnity Co., supra, Talley v. Friedman, supra, or Champagne v. American Southern Insurance Co., supra."
For the reasons assigned, I respectfully dissent.
NOTES
[1] Also joined as defendant is the City of Kenner Fire Department Ambulance Service, termed in the petition "a division of the City of Kenner". No argument is made that the city department is not subject to the same rule as the municipality of which it is an agency.
[1] Abercrombie v. Gilfoil, La.App., 205 So.2d 461 (1st Cir. 1967); Jobe v. Hodge, La.App., 207 So.2d 912 (2nd Cir. 1968), writ granted, 251 La. 1079, 208 So.2d 536 (1968); Watson v. Hartford Accident & Indemnity Company, La. App., 214 So.2d 395 (3rd Cir. 1968); Talley v. Friedman, 255 La. 735, 232 So.2d 495 (1970), rehearing denied; Champagne v. American Southern Insurance Co., La., 295 So.2d 437 (1974).