COVINGTON, Judge.
This matter came on pursuant to an alternative writ of mandamus issued herein commanding the trial judge to grant the defendant’s motion for trial by jury, conditioned as the law directs; or, in the alternative to show cause by briefs why the writ should not be made peremptory. After considering the record and the briefs, we hereby make the writ of mandamus peremptory.
As shown by the record, suit was brought by Mrs. Francis F. Chen, the plaintiff, alleging that she fractured her arm on December 8, 1976, while a patient at Doctors Memorial Hospital, through the negligence of the hospital’s employees. The defendant denied the claim, and affirmatively pleaded contributory negligence and assumption of risk. In due course, a pre-trial conference was held on May 17, 1978. At the conference, the pre-trial order was changed under the “additional matters” paragraph to show: “Defendant plans to amend pleadings and to ask for trial by jury.” The trial judge then inserted at the end of the order: “The court will not permit any further amendments at this stage of the proceedings and sets the matter for trial on August 8th, 1978 at 9:30 A.M.” Nevertheless, the trial judge signed an order on May 18,1978, permitting the defendant to file a supplemental and amending answer, which had the effect of asserting an alternative defense that the plaintiff was on temporary leave from the hospital and had accepted full responsibility for her own welfare during her leave from the hospital. The trial judge, however, denied the defendant’s request for a jury trial.
We believe that the trial judge erred in refusing to grant the request for trial by jury, since the Code of Civil Procedure specifically allows either plaintiff or defendant to demand a trial by jury if such demand is made “not later than ten days after the service of the last pleading directed to such issue.” LSA-C.C.P. art. 1732. Under the holding of our Supreme Court in Barberito *1198 v. Green, 275 So.2d 407 (La.1973), once an amendment to the pleadings of a party is granted, the trial judge has no discretion to refuse a trial by jury. Barberito v. Green, supra, is dispositive of this matter. We distinguish Arbmahla High Corporation v. North American Co., 345 So.2d 1291 (La. App. 3 Cir. 1977), cited by relator, because in that case the trial court had specifically held in its refusal to grant a jury trial that “the defendant’s second amended answer added nothing new to the pleadings and was filed solely for the purpose of circumventing the provisions of LSA-C.C.P. art. 1732,” and the Court of Appeal had thus found no abuse of the trial court’s discretion. In the instant case there is no finding by the trial court that the amending answer was filed for the purpose of circumventing the time limitations of Article 1732 of the Code of Civil Procedure, and the record reflects no such motive.
We also believe that this ruling is consistent with the idea that the right to trial by jury is fundamental and the presumption is against waiver of that right. Hicks v. Board of Supervisors of Louisiana State University, 166 So.2d 279 (La.App. 1 Cir. 1964).
Accordingly, it is hereby ordered, adjudged and decreed that the alternative writs of mandamus, prohibition and certio-rari issued herein on the 8th day of June, 1978, directed to the Honorable Melvin A. Shortess, Judge, Division D, Nineteenth Judicial District Court, shall be and the same are made peremptory, and this cause remanded to the trial court to be reassigned for trial by jury.
WRITS MADE PEREMPTORY; REMANDED FOR FURTHER PROCEEDINGS.