PONDER, Judge.
This case is before the court on an application for writs of prohibition and mandamus to order the trial judge to grant a trial by jury.
Plaintiff’s petition for damages resulting from an automobile accident on August 22, 1978, was filed on December 13, 1978. Applicant’s answer was filed on March 9, 1979. Plaintiff filed an amended and supplemental petition on September 27, 1979. Applicant filed a supplemental and amending answer that alleged that plaintiff’s injuries were the result of an accident that occurred on December 13, 1973, not August 22, 1978; it made no reference to and did not answer the allegations of the amended and supplemental petition of September 27, 1979. The court permitted the filing of the supplemental and amending answer but denied the request for a trial by jury contained in it as not being timely filed. The court also denied the jury trial after hearing of a rule. We issued an alternative writ to the trial court ordering that the trial court grant a jury trial or show cause. Plaintiff has filed a brief in opposition to the granting of the writ. The trial court has inserted reasons for judgment into the record and ordered the record sent to us.
The issue is the timeliness of the request for a jury trial.
We make the writs peremptory. There are two reasons to support this conclusion. First, Article 1732 of the Code of Civil Procedure governs the granting of a jury trial:
“A party may demand a trial by jury of any issue triable of right by a jury in a pleading filed not later than ten days after the service of the last pleading directed to such issue.”
Two cases interpreting this article, we find to be controlling: Barberito v. Green, 275 So.2d 407 (La.1973) and Chen v. Hospital Affiliates of Baton Rouge, 367 So.2d 1197 (La.App. 1st Cir. 1978).
Furthermore, we find in the record no answer by this defendant to plaintiff’s amended and supplemental petition of September 27, 1979. Because of this the ten days of C.C.P. Art. 1732 has not yet begun to run.
For these reasons the writs are made peremptory and the case is remanded to be reassigned for trial by jury.
WRITS MADE PEREMPTORY; REMANDED FOR FURTHER PROCEEDINGS.