566 So.2d 1077 (1990)
Phyllis D. SCURRIA, et al., Plaintiffs,
v.
MADISON PARISH POLICE JURY, J.O. "Jim" Bailey, General Contractor, Inc., National Fire & Marine Insurance Company, Titan Indemnity Company, Defendants.
Nos. 21945-CW, 22031-CW.
Court of Appeal of Louisiana, Second Circuit.
August 22, 1990.
*1078 Raymond Lee Cannon, Tallulah, for plaintiffs/respondents.
Crawford & Anzelmo by Brian E. Crawford, Monroe, for J.O. "Jim" Bailey, General Contractor, Inc., & Nat. Fire and Marine Ins. Co. defendants/applicants.
Rankin, Yeldell, Herring & Katz by Richard A. Bailly, Baton Rouge, for Madison Parish Police Jury and Titan Indem. Co. defendants/respondents.
Before FRED W. JONES, Jr., SEXTON and NORRIS, JJ.
FRED W. JONES, Jr., Judge.
We granted these consolidated writs to consider whether the trial judge erred in denying motions for a civil jury trial because a defendant in the litigation is a political subdivision.
Applicants assert:
The trial court erred in granting plaintiffs' motion to strike the jury demand on February 9, 1990 and in denying defendants' second demand for a jury trial on March 2, 1990.

Factual Context
On March 14, 1988 plaintiffs, Phyllis Scurria, Individually and as Natural Tutrix of Vanessa Scurria, and Phillip Scurria, instituted an action for personal injury damages as the result of a slip and fall accident at the Madison Parish Courthouse, naming, as defendants, the Madison Parish Police Jury (Police Jury) and its insurer, Titan Indemnity Company (Titan), J.O. "Jim" Bailey, General Contractor, Inc. (Bailey) and its insurer, National Fire & Marine Insurance Company (National). Bailey had executed a contract with the Police Jury on September 15, 1986 to modify the three courthouse doors so they would open to the outside as well as to perform other repairs and renovations at the courthouse. Plaintiffs alleged the accident was caused by the fault and negligence of the defendants, Bailey and the Police Jury. By amended petition, plaintiffs named G.T. Associates, Inc. (G.T.) as a defendant, alleging it was the consulting engineer for the contract under which Bailey was obligated to perform work on the courthouse doors and whose fault and negligence contributed to plaintiff's accident.
In their general denial answers, defendants essentially alleged that the accident was caused primarily by the negligence of plaintiff and this contributory and/or comparative negligence should act to bar or reduce the claims of the plaintiffs.
After obtaining leave of court, Bailey and National filed a cross-claim on November 2, 1989, naming as defendants the Police Jury and Titan. Defendants alleged that the damages and injuries complained of by plaintiffs were caused by the negligence of the Police Jury. Bailey and National stated at the time of the accident there was in full force and effect a policy of commercial general liability insurance issued to the Police Jury by Titan. In the event the trial court rendered judgment in favor of plaintiffs and against them in the principal demand, Bailey and National prayed for judgment in their favor against defendants in cross-claim for any and all sums which they might be cast or in the alternative such amount of the judgment which equaled the percentage of negligence attributable to the defendants in cross-claim. In their cross-claim, Bailey and National demanded a trial by jury.
In their answer to the cross-claim, the Police Jury and Titan alleged that Bailey and National had no right to trial by jury as it was prohibited by La.R.S. 13:5105. After obtaining leave of court, the Police Jury and Titan filed a third-party demand on November 22, 1989 naming Bailey and National as third-party defendants. The Police Jury and Titan alleged that the injuries and damages to plaintiffs were due to the substandard conduct of Bailey, who *1079 was insured pursuant to a policy of commercial contractors general liability insurance issued by National which provided coverage to the contractor for the claims asserted herein. In the event of a judgment in favor of plaintiffs, the Police Jury and Titan prayed for a judgment against Bailey and National for any sums which they might be cast or alternatively for the amount of the judgment which equaled the percentage of fault attributable to Bailey and National.
On December 1, 1989 the trial court ordered the bond for the jury trial requested by Bailey and National be fixed at the sum of $5000. This bond was posted by defendants shortly thereafter.
On January 24, 1990 plaintiffs filed a motion to strike the jury demand, alleging that Bailey and National's jury demand presented in their cross-claim was untimely as it was not filed within ten days after service of the last pleading directed to any issues triable by jury. Plaintiffs asserted the jury demand was not a demand for jury trial with respect to any issue on the main demand because it was not in response to or directed to the last pleading directed to any issues triable by a jury.
On February 9, 1990 the trial court granted plaintiffs' motion to strike the jury demand filed by Bailey and National and ordered the demand for jury trial, the order granting the jury trial and the jury trial bond posted by defendants be stricken from the record.
In its oral reasons for judgment, the trial court noted that pursuant to La.R.S. 13:5105 no suit against the state, state agency or political subdivision shall be tried by jury. Therefore, the main issue in this matter was not triable by jury. The court further noted that over a year had elapsed between the filing of the answer, the last pleading related to damages, and the filing of the cross-claim. The court stated that Bailey and National knew or should have known that their request for a jury trial against the Police Jury was not a proper motion and therefore could only relate back to the last pleading that was filed on the issue of damages. Thus, as the request for a jury trial was made more than ten days after the last pleading directed to any issue triable by a jury, it was untimely. The court stated that the claims against the Police Jury's insurer were not triable by jury and it believed that the cross-claim had been brought solely to raise issues which would allow Bailey and National to circumvent the time requirements for demanding a jury trial.
This court granted defendants' application for supervisory writs from this ruling on March 15, 1990.
On February 22, 1990 after obtaining leave of court, the Police Jury and Titan filed a third-party demand naming G.T. as defendant. The Police Jury and Titan alleged that the injuries and damage sustained by plaintiffs were due to the substandard conduct of G.T. in failing to supervise the repairs and renovations. The Police Jury and Titan prayed for a judgment against this third-party defendant for any sum for which the Police Jury and Titan might be cast or alternatively for the amount of the judgment which equaled the percentage of fault attributable to this third-party defendant.
On March 1, 1990 Bailey and National filed a demand for jury trial alleging the Police Jury and Titan had filed a third-party demand against G.T. after obtaining leave of court and this third-party demand raised issues against that third-party defendant which were triable by jury. Without waiving their prior jury trial demand and pending writ application, defendants reiterated their demands for trial by jury of all issues so triable in the main demand as well as in all incidental demands and requested a jury trial upon the filing of a bond. This demand for a jury trial was denied by the trial court on March 2, 1990. There are no reasons for judgment contained in the record. Defendants also sought supervisory writs from this ruling which were granted by this court on April 5, 1990. The writs were consolidated for our consideration.

Legal Principles
La.C.C.P. Art. 1731 recognizes the right of a trial by jury except as limited by *1080 La.C.C.P. Art. 1732. In pertinent part, La. C.C.P. Art. 1732 provides that a trial by jury shall not be available in all cases where a jury trial is specifically denied by law. Pursuant to La.R.S. 13:5105 no suit against the state or a state agency or political subdivision shall be tried by jury.
La.C.C.P. Art. 1733 provides in pertinent part that a party may obtain a trial by jury by filing a pleading demanding a trial by jury and a bond in the amount and within the time set by the court. The pleading demanding a trial by jury shall be filed not later than 10 days after either the service of the last pleading directed to any issue triable by a jury, or the granting of a motion to withdraw a demand for a trial by jury. La.C.C.P. Art. 1735 provides in pertinent part that a party in his jury demand may specify the issues which he wishes to be tried by jury; otherwise, he shall be considered to have demanded trial by jury for all the issues so triable. If the party has demanded trial by jury for only some of the issues, any other party, within 10 days after service of the demand, may demand trial by jury of any or all of the other issues in the action.
Pursuant to the provisions of La. C.C.P. Art. 1731, if the principal demand is triable by a jury, all incidental demands are likewise triable by a jury. La.C.C.P. Arts. 1731-1735 collectively reflect that the intent of the law is to permit all questions at issue in a lawsuit to be tried before the jury. La.C.C.P. Art. 1734 is the procedural authority for a party to specify which issue or issues he wishes to be tried by jury. Absent any specification of restriction all issues shall be tried by the jury when the trial by jury is properly requested. The provisions of the Code of Civil Procedure contain the necessary safeguard against any abuse of the provisions of La.C.C.P. Art. 1733 by the filing of amended pleadings. The trial judge, in the exercise of his discretion, may not allow the filing of such amended pleadings which he finds are proffered for the purpose of circumventing the limitations contained in the article. Godwin v. Denby, 401 So.2d 1197 (La.1981); Barberito v. Green, 275 So.2d 407 (La. 1973); Breaux v. Roy Young, Inc., 397 So.2d 1384 (La.App. 3d Cir.1981); Bernard v. Allstate Insurance Company, 396 So.2d 548 (La.App. 3d Cir.1981); Chen v. Hospital Affiliates of Baton Rouge, 367 So.2d 1197 (La.App. 1st Cir.1978), and Sonnier v. Gray Tool Company, 359 So.2d 1111 (La. App. 3d Cir.1978), writ denied, 362 So.2d 800 (La.1978).
Under our scheme of statutory and constitutional law, a civil litigant is not to be deprived of the important fundamental right of a jury trial except by express legislative provision. The legislature has provided for the right of jury trial in all civil cases with only express exceptions. The exception applicable here is that exempting a "political subdivision" for jury trial. As the right to trial by jury is fundamental, the courts will indulge every reasonable presumption against waiver, loss or forfeiture of such privilege. The right to a jury trial is favored in the law and any doubtful statutory provision should be liberally construed in favor or granting a jury trial. Jones v. City of Kenner, 338 So.2d 606 (La.1976); St. Amant v. Aetna Casualty & Surety Company, 499 So.2d 322 (La.App. 1st Cir.1986); Abercrombie v. Gilfoil, 205 So.2d 461 (La.App. 1st Cir.1967), and Arrington v. McCarty, 136 So.2d 119 (La.App. 3d Cir.1961).
It is well-settled that La.R.S. 13:5105 which prohibits jury trials against the state, state agency, or a political subdivision, does not apply to the liability carrier of a political subdivision even when it is joined in the same action and there exists identity or substantial similarity of issues against both parties. Therefore, when a public defendant and a private defendant are joined for trial, there is to be one trial with the jury deciding the issues as to the non-governmental defendant and the judge deciding the issues as to the governmental defendant. Accordingly, the trial court may properly order a bifurcated trial as authorized by La.C.C.P. Art. 1736. The language of La.R.S. 13:5105 is clear that no suit against the state, a state agency or political subdivision shall be tried by jury but there is no express statutory provision *1081 controlling the situation where such a suit is consolidated with others which are not against a political subdivision or where a political subdivision is but one of several parties to a suit. Descant v. Rapides Parish Police Jury, 409 So.2d 1226 (La.1982), and Jones v. City of Kenner, supra; Champagne v. American Southern Insurance Company, 295 So.2d 437 (La.1974), and Duplantis v. U.S. Fidelity & Guaranty Insurance Corporation, 342 So.2d 1142 (La.App. 1st Cir.1977).
The jurisprudence has noted there are procedural controls available to prevent any disparity of result in this combined single trial. Jones v. City of Kenner, supra. See also Nunez v. St. Bernard Parish Fire Department, 519 So.2d 857 (La. App. 4th Cir.1988).
La.R.S. 13:5035 provides:
All suits for trespass, for damages, or for possession of real property, filed by the state against any person, firm or corporation, and all matters incidental thereto shall be heard and determined by the court in a summary manner, in term time, or vacation. Should a trial by jury be demanded, a special panel shall be drawn for such purpose in accordance with the presently existing law. All judgments rendered in any of these causes shall also be tried summarily by the appellate court having jurisdiction.

Denial of Jury Trial
Bailey and National argue that a litigant is entitled to a jury trial against the insurer of a public body. Accordingly, the issues raised in their cross-claim were triable as to Titan, the insurer of the Police Jury, and the cross-claim was the last pleading directed to any issue triable by jury. Therefore, the jury demand contained in that pleading was timely filed. Bailey and National assert that under the statutes and jurisprudence all issues were triable by jury rather than only those which were included in the cross-claim. Bailey and National further assert that the issues raised by them in the cross-claim were clearly meritorious and not simply fabricated to allow an untimely jury demand. Bailey and National note they were granted leave of court to file their cross-claim and it does not seem logical for the court to later find the pleading was improperly filed to circumvent time requirements. Bailey and National also argue that allegations of fault raised in the third-party demand filed by the Police Jury and Titan against G.T. are triable by jury and therefore their second jury demand was timely and proper.
After examining the pertinent statutes and jurisprudence we find the trial court erred in denying the request by defendants, Bailey and National, that a jury trial be granted in all issues so triable by jury.
As noted earlier, the right to a jury trial is fundamental and courts will indulge every presumption against the waiver, loss or forfeiture of this right. When viewed in light of this standard it is clear that the actions and requests by Bailey and National were sufficient to preserve the right to a trial by jury.
The cross-claim filed by Bailey and National against the Police Jury and Titan on November 2, 1989, after obtaining leave of court, was an appropriate procedural vehicle for Bailey and National to seek the allocation and/or apportionment of fault against their co-defendants in the plaintiffs' action, thereby reducing or eliminating the liability exposure of Bailey and National. The cross-claim alleged the Police Jury was guilty of specific negligent acts which may have caused or contributed to the plaintiff's accident and to the extent that Bailey and National are able to prove those allegations, they may be successful in defeating the plaintiffs' claims against them. Therefore, as this was an appropriate vehicle for the litigation of fault between co-defendants, we find the cross-claim was not filed simply to circumvent the time restrictions for demanding a jury trial and the trial court erred in holding otherwise.
The trial court further erred in concluding that a jury trial was unavailable to Bailey and National for its claims against Titan, the Police Jury's insurer. Although we recognize the existence of *1082 conflicting jurisprudence from the 1st Circuit Court in Doe v. Board of Supervisors of Louisiana State University, 517 So.2d 488 (La.App. 1st Cir.1987) and Dean v. Terrebonne Parish Police Jury, 510 So.2d 82 (La.App. 1st Cir.1987), this court follows the holding of the La. Supreme Court in Jones v. City of Kenner, supra, which provided that a jury trial is available against an insurer of a public body notwithstanding any identity or substantial similarity of the issues against the public body and the insurer. As Bailey and National's cross-claim was asserted not only against the Police Jury but also its insurer, Titan, a jury trial is available as to that defendant in cross-claim even though a jury trial would not be available to Bailey and National for their cross-claim against the Police Jury, pursuant to La.R.S. 13:5105. Thus, Bailey and National's demand for a jury trial contained in the cross-claim was timely as it was filed not later than 10 days after service of the last pleading directed to any issue triable by a jury pursuant to La.C.C.P. Art. 1733 and was not filed solely to circumvent the time requirements for a jury trial request.
As we have found that the first demand for a jury trial was timely and appropriate and should not have been stricken by the trial court, the issues with reference to the second jury trial demand by Bailey and National are rendered moot. However, we note the second request followed the filing of a third-party demand by the Police Jury and Titan against G.T. generally alleging plaintiff's injuries were caused by the substandard conduct of G.T. in supervising repairs and renovations to the courthouse. While La.R.S. 13:5105 prohibits jury trials in suits against a public body, La.R.S. 13:5035 appears to allow a jury trial in suits by public bodies against any person, firm or corporation for damages. The action by the Police Jury falls within the scope of this statute and thus a jury trial could have been requested by it. In any event, Titan was a third-party plaintiff and a jury trial was certainly available as to this party. As this second jury demand timely followed a pleading which was directed to issues which were triable by jury, the trial court should have granted this jury trial request.
The request for jury trials filed by Bailey and National did not specify the issues to be tried by jury and therefore shall be considered a demand for a jury trial on all principal and incidental demands so triable pursuant to La.C.C.P. Art. 1735, La.R.S. 13:5035 and 5105. Any direct or incidental demands against the Police Jury shall be tried before the judge in a bifurcated trial while its insurer is subject to a jury trial.

Decree
For these reasons, we make the writs of Bailey and National peremptory, REVERSE the rulings of the trial court denying a jury trial and REMAND this matter to the trial court for a bifurcated trial with a trial by jury as to all claims so triable. Costs of these applications are assessed to Titan.