KNOLL, Justice.
11 This civil case involves the prohibition against jury trials in suits against a political subdivision under the Louisiana Governmental Claims Act, La.Rev.Stat. § 13:5101 et seq., and presents the problematic issue of whether, under La.Rev.Stat. § 13:5105(D), a political subdivision may waive the prohibition against jury trials on a case-by-case basis, as opposed to a blanket waiver. In resolving this issue, the viability of Jones v. City of Kenner, 338 So.2d 606 (La.1976), has again been raised, and thus, we must further determine whether a bifurcated trial is necessary in a suit against a political subdivision and its insurer if the political subdivision has not waived the prohibition, the insurer’s liability is vicarious, not independent, and there are no other nongovernmental defendants.
Plaintiffs, Dr. Kaleem Arshad and Na-deem Arshad (“plaintiffs”), initially re *480 quested a jury trial in their petition for damages. Shortly before trial, however, they filed a motion to strike the jury. In response, defendant, the City of Kenner |2(“City”), enacted a resolution waiving the prohibition against jury trials in this specific case and filed a request for a jury trial. The District Court granted the City’s request, finding La.Rev.Stat. § 13:5105(D) permits a political subdivision to waive the prohibition against jury trials on a case-by-case basis. The Court of Appeal reversed, holding the City’s resolution was a prohibited special law because it waived the prohibition against jury trials only in this single case. We granted writs to address the correctness vel non of the appellate court’s decision.[1] Arshad v. City of Kenner, 11-1814 (La.10/12/11); 74 So.3d 712; Arshad v. City of Kenner, 11-1579 (La.10/12/11); 74 So.3d 712. For the following reasons, we find the plain language of La.Rev.Stat. § 13:5105(D) does not permit a political subdivision to waive the prohibition against jury trials in a single case. We further find a political subdivision’s insurer is not entitled to trial by jury where the political subdivision has not waived the prohibition, and the insurer’s liability is vicarious, not independent. Therefore, in suits against a political subdivision and its insurer where there are no other nongovernmental defendants, a bifurcated trial is unnecessary. To this extent we overrule our earlier decision in Jones. Accordingly, we affirm the judgment of the Court of Appeal, but for different reasoning.
FACTS AND PROCEDURAL HISTORY
On January 11, 2008, plaintiffs filed suit against the City, the Kenner Police Department, Nick Congemi, former Chief of Police for the City, and several City police officers (collectively “Kenner defendants”), as well as the City’s liability insurers, Gemini Insurance Company (“Gemini”) and Clarendon American Insurance Company (“Clarendon”) (collectively “insurers”). Plaintiffs allege City police officers falsely arrested decedent, Dr. Jameela Ar-shad, subjecting her to ^unnecessary force and battery, and improperly left decedent unattended in a police car, where she died. Plaintiffs’ petition for damages requested trial by jury. The Kenner defendants and Gemini filed an answer pleading “all procedural and substantive offenses available to them under the ‘Louisiana Governmental Claims Act,’ LSA-R.S. 13:5101 et seq.” In its answer, Clarendon pled these defenses, but also stated “[t]his lawsuit is governed by the provisions of LSA-R.S. 13:5105 which prohibits trial by jury against a political subdivision.”
Plaintiffs’ suit was scheduled for a June 13, 2011 jury trial by the trial court’s pretrial order signed August 16, 2010. Plaintiffs subsequently filed jury charges on April 6, 2011, and, at a pretrial conference, indicated they would be filing additional jury charges. Further, plaintiffs filed motions in limine concerning what evidence should be submitted to the jury. Plaintiffs, however, never posted a jury bond.
On June 1, 2011, twelve days before trial, plaintiffs moved to strike the jury demand. The following day, the Kenner City Council enacted Resolution No. B-16142 (the “Kenner Resolution”) pursuant to La.Rev.Stat. § 13:5105(D) waiving the prohibition against trial by jury “in the matter of Dr. Kaleem Arshad et al. v. City of Kenner.” On June 7, 2011, the Kenner *481 defendants and the insurers filed a motion opposing plaintiffs’ motion to strike and requested a jury trial as to all issues.
After a hearing on both parties’ motions, the District Court granted plaintiffs’ motion to strike and granted the Kenner defendants’ request for a jury. The District Court found the Kenner defendants had fulfilled the requirements of La.Rev.Stat. § 13:5105(D) by enacting the Kenner Resolution and filing a jury request within ten days of the filing of plaintiffs’ motion to strike.
|4The Court of Appeal, Fifth Circuit, granted a supervisory writ and reversed the decision of the District Court. Relying on Edwards v. Daugherty, 97-1542 (La.App. 3 Cir. 3/10/99); 729 So.2d 1112, writ denied, 99-1393 (La.9/17/99); 747 So.2d 1105, the court found a political subdivision cannot grant the right to trial by jury to “a particular litigant in one civil action, and deny it to all others in the same or similar action. That is a violation of the prohibition of passing special laws found in La. Const. art. III, § 12(A).” Arshad v. City of Kenner, 11-608, p. 2 (La.App. 5 Cir. 6/15/11). Further, defendants allowed plaintiffs to “rely on the fact that no resolution to waive a jury trial had been issued and that the Kenner defendants’ motion for jury trial would be denied.” Id. at 3. Accordingly, the appellate court held the Kenner Resolution was in violation of La. Rev.Stat. § 13:5105(D) and due process and therefore invalid. Id.
DISCUSSION
In order to resolve the issues before us, we must examine whether a political subdivision may waive the prohibition against jury trials on a case-by-case basis under the Louisiana Constitution and La.Rev. Stat. § 13:5105(D). Moreover, we must determine, in light of our decision in Jones v. City of Kenner, 338 So.2d 606 (La.1976), whether a political subdivision’s insurer is entitled to a jury trial when the political subdivision has not waived the prohibition. We turn first to our constitutional analysis.
I. La. Const. art. III, § 12(A)
As a general rule, there is no right to a jury trial in civil suits against a political subdivision. The Seventh Amendment of the United States Constitution, ensuring the right to civil jury trials “according to the rules of the common law,” is directly applicable only to the federal government. Rudolph v. Massachusetts Bay Ins. Co., 472 So.2d 901, 903 (La.1985). The United States Supreme Court has |5held the right to jury trials in civil cases is not so fundamental to the American system of justice as to be required of state courts by the due process clause of the Fourteenth Amendment. Id. Similarly, there is no provision in our state constitution guaranteeing the right to a civil jury trial. Riddle v. Bickford, 00-2408, p. 5 (La.5/15/01); 785 So.2d 795, 799.
In Louisiana, the right to a jury trial in a civil case is provided for by statute, namely La.Code Civ. Proc. art. 1731(A), which states “[ejxcept as limited by Article 1732, the right of trial by jury is recognized.” In turn, La.Code Civ. Proc. art. 1732 provides a trial by jury shall not be available in several enumerated categories, including “[a]ll cases where a jury trial is specifically denied by law.” La.Code Civ. Proc. art. 1732(6). La.Rev.Stat. § 13:5105(A) states:
No suit against a political subdivision of the state shall be tried by jury. Except upon a demand for jury trial timely filed in accordance with law by the state or a state agency or the plaintiff in a lawsuit against the state or state agency, no suit against the state or a state agency shall be tried by jury.
*482 In 1996, the Legislature amended La.Rev. Stat. § 13:5105 and added subsection D, providing in relevant part:
Notwithstanding the provisions of Subsection A, a political subdivision, by general ordinance or resolution, may waive the prohibition against a jury trial provided in Subsection A of this Section. ...
We first note political subdivisions have differed in their response to subsection D, with some enacting resolutions waiving the prohibition against jury trials in all cases, and others only waiving the prohibition in a single case.[2] In the | (¡present case, the Court of Appeal held a political subdivision cannot waive its right to a nonjury trial under La.Rev.Stat. § 13:5105(D) in a single case as this would constitute a prohibited special law.
Article III of the Louisiana Constitution prohibits the Legislature from passing a local or special law regarding certain enumerated subjects, including criminal and civil actions. La. Const. art. III, § 12(A)(3). Although the Constitution does not define “local” or “special,” our jurisprudence has distinguished “local or special laws” from “general laws,” which “ ‘operate equally and uniformly upon all persons brought within the relations and circumstances for which they provide or that operate equally upon all persons of a designated class founded upon a reasonable and proper classification.’ ” Deer Enter., LLC v. Parish Council of Washington Parish, 10-0671, p. 5 (La.1/19/11); 56 So.3d 936, 942 (quoting Polk v. Edwards, 626 So.2d 1128, 1134 (La.1993)). The prohibition on local and special laws “‘is intended to reflect a policy decision that legislative resources and attention should be concentrated upon matters of general interest, and that purely local matters should be left to local governing authorities.’” Kimball v. Allstate Ins. Co., 97-2885, p. 4 (La.4/14/98); 712 So.2d 46, 50 (quoting H. Alston Johnson III, Legislative Process, 36 La. L.Rev. 549, 549 (1976)).
Accordingly, this Court has defined “special law” as “one that confers particular privileges, or imposes peculiar disabilities or burdensome conditions in the exercise of a common right upon a class of persons arbitrarily selected from the general body of those who stand in precisely the same relation to the subject of the law.” Id., 97-2885 at 6; 712 So.2d at 52 (citations omitted). Generally, a special law “operates upon and affects only a fraction of the persons or a portion of the 17property encompassed by a classification, granting privileges to some persons while denying them to others.” Id. (citing Huntington Odom, General and Special Laws in Louisiana, 16 La. L.Rev. 768, 770 (1956)). A law, however, will not be deemed special if there is “a substantial difference between the class created and the subjects excluded, and there is a reasonable basis for the distinction.” Id.
The Court of Appeal relied on Edwards v. Daugherty, 97-1532 (La.App. 3 Cir. 3/10/99); 729 So.2d 1112, writ denied, 99-1393 (La.9/17/99); 747 So.2d 1105, hold- *483 tag waiver of the prohibition against jury trials on a case-by-case basis would violate the prohibition against special laws. In Edwards, plaintiffs filed a tort action against numerous parties, including the Sheriff of Calcasieu Parish. The Sheriff filed a motion for a jury trial, attaching a resolution waiving his right to a nonjury trial “in the above-captioned matter.” Id., 97-1532 at 3, 15; 729 So.2d at 1117, 1122. The Third Circuit held a waiver under La.Rev.Stat. § 13:5105(D) is ineffective unless the political subdivision “makes a blanket waiver against a jury trial in all suits, not merely a specific proceeding.” Id., 97-1532 at 13; 729 So.2d at 1121 (emphasis in original). According to the court, to interpret the statute as permitting waiver on a case-by-case basis “would require [the court] to declare it a special law.” Id., 97-1532 at 16; 729 So.2d at 1123.
The law would allow a political subdivision, an extension of the state, to select which civil action it desired to try by jury out of all civil cases filed against it by plaintiffs alleging similar or same causes, without any justification or reason. As such, it would violate Art. III, § 12(A)(3) of the Louisiana Constitution “which prohibits the legislature from passing a special law which affects any particular lawsuit.”
Id., 97-1532 at 16-17; 729 So.2d at 1123 (quoting Kimball, 97-2885, p. 8; 712 So.2d at 53).
We find this reasoning unpersuasive. Article III of the Louisiana Constitution pertains only to the powers and limitations of the Legislature; Article 18VI addresses local governments and contains no such prohibition on local or special laws. Further, Article III, § 12(A) explicitly states “the legislature shall not pass a local or special law ....” (emphasis added). Reading the prohibition on local and special laws to apply to political subdivisions as “extensions of the state,” is not appropriate, as the purpose of the rule is to keep the legislature focused on general matters, with local governments handling local matters.
Although our decision in Kimball v. Allstate Insurance Co., 97-2885 (La.4/14/98); 712 So.2d 46, concerned a blanket waiver by a political subdivision rather than a waiver for a specific case, its reasoning concerning the application of Article III, § 12(A) is relevant to the present matter. In Kimball, the Court first examined a separate subsection of the statute, La.Rev. Stat. § 13:5105(C), which enacted a blanket waiver on the prohibition against jury trials for the City of Baton Rouge and East Baton Rouge Parish. The Court held this portion of the statute constituted a special law because it singled out the City/Parish from all other political subdivisions for special treatment. Id., 97-2885 at 7; 712 So.2d at 52. Further, the Court noted Article III, § 12(A) prohibits “the legislature from passing a local or special law which affects any particular lawsuit,” and La.Rev.Stat. § 13:5105(C) would affect not just an individual lawsuit, but all lawsuits involving the City/Parish.
The Court, however, held a similar waiver enacted by resolution of the Metropolitan Council of the City of Baton Rouge/Parish of East Baton Rouge was permissible under La.Rev.Stat. § 13:5105(D). We found La.Rev.Stat. § 13:5105(D) was not a local or special law, as “[i]t applies to every possible locality throughout the state as well as to every political subdivision.” Id., 97-2885 at 20; 712 So.2d at 61. Our discussion in Kim-ball, regarding whether La.Rev.Stat. § 13:5105(D) was an unconstitutional delegation of legislative power under La. |9Const. art. XII, § 10(C), is also instructive to the instant case. The Court deter *484 mined La.Rev.Stat. § 13:5105(D) was not an improper delegation of power because
[t]he ability of a private party, in a suit between private litigants, and of a political subdivision, in a suit against it, to elect whether or not to request a jury trial, is not an exercise of legislative power by these parties but rather results from an exercise of legislative power — the legislature’s decision to allow these parties to make this type of tactical decision for themselves.
Id., 97-2885 at 19; 712 So.2d at 60 (emphasis in original). There is a critical difference between the two waivers in Kimball: one was an act of the Legislature and the other an act by the local government. While the blanket waiver by the Legislature failed as a special law, a similar waiver by the City/Parish was constitutionally permissible. Accordingly, we reject the reasoning of the Edwards court suggesting a political subdivision enacting a waiver by resolution could be acting as an extension of the Legislature. Under Kimball, when the Legislature grants authority broadly to all political subdivisions, and a political subdivision acts on this authority, it is not an act of the Legislature and does not implicate Article III, § 12(A).
Thus, we conclude the Kenner Resolution, as an act by a political subdivision and not the Legislature, does not fall under the constitutional prohibition of special laws.
II. La.Rev.Stat. § 13:5105(D)
Although we find the present case does not implicate the prohibition on special laws, this determination does not end our inquiry into whether La.Rev.Stat. § 13:5105(D) permits waiver on a case-by-case basis. The Kenner defendants maintain the language of the statute does not prohibit political subdivisions from waiving their right to a nonjury trial in a single lawsuit. Specifically, the Kenner | indefendants argue the Legislature provided for waiver by either “general ordinance or resolution.” As- resolutions deal with “matters of a special or temporary character,” political subdivisions can enact a waiver for a single case. See James v. Rapides Parish Police Jury, 236 La. 493, 497-98, 108 So.2d 100, 102 (1959) (distinguishing “ordinances” from “resolutions”).
As this presents an issue of statutory interpretation, we begin our analysis with a discussion of the applicable rules. The interpretation of any statutory provision starts with the language of the statute itself. In re Succession of Faget, 10-0188, p. 8 (La.11/30/10); 53 So.3d 414, 420. When a law is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written. ABL Mgmt., Inc. v. Bd. of Supervisors of Southern Univ., 00-0798, p. 6 (La.11/28/00); 773 So.2d 131, 135. Words and phrases shall be read within their context and shall be construed according to the common and approved usage of the language. La.Rev.Stat. § 1:3. Further, when interpreting a statute, the court should give it the meaning the Legislature intended. ABL Mgmt., Inc., 00-0798 at 6; 773 So.2d at 135. We presume every word, sentence, or provision in a law is intended to serve some useful purpose, some’effect is given to each such provision, and no unnecessary words or provisions were employed. McGlothlin v. Christus St. Patrick Hosp., 10-2775, p. 11 (La.7/1/11); 65 So.3d 1218, 1228. Consequently, courts are bound, if possible, to give effect to all parts of a statute and to construe no sentence, clause, or word as meaningless and surplusage if a construction giving force to and preserving all words can legitimately be found. Id.
La.Rev.Stat. § 13:5105(D) states in its entirety:
*485 Notwithstanding the provisions of Subsection A, a political subdivision, by general ordinance or resolution, may waive the prohibition against a jury trial provided in Subsection A of this Section. Whenever the jury trial prohibition is waived by a political subdivision, and a jury trial is demanded by the political subdivision |nor the plaintiff in a suit against the political subdivision or against an officer or employee of the political subdivision, the demand for a jury trial shall be timely filed in accordance with law. The rights to and limitations upon a jury trial shall be as provided in Code of Civil Procedure Articles 1731 and 1732.
The Third Circuit in Edwards, examining the plain language of the statute, concluded La.Rev.Stat. § 13:5105(D) prohibits waiver on a case-by-case basis. Specifically, the court based its decision on the provision “[wjhenever the jury trial prohibition is waived by a political subdivision, and a jury trial is demanded by the political subdivision or the plaintiff in a suit against the political subdivision ... the demand for a jury trial shall be timely filed in accordance with law.” (emphasis added). According to this language, the statute envisions a very specific scenario: when the political subdivision waives its right to a nonjury trial, either the plaintiff or the political subdivision may request trial by jury. See Edwards, 97-1542 at 15-16; 729 So.2d at 1123. Once the waiver occurs, the parties are on equal footing with regards to demanding a jury trial. If the right was waivable on a ease-by-case basis, however, “[pjlaintiff could never request a jury trial if the [political subdivision] did not will it; but, the [political subdivision] could demand trial by judge or jury in any case.” Edwards, 97-1542 at 16; 729 So.2d at 1123. In other words, plaintiff would never truly be in a position to demand a jury trial, as the option would always remain with the political subdivision. If this was the intended meaning of La.Rev.Stat. § 13:5105(D), there would be no reason to even mention the plaintiff in the statute. Such a reading would render an essential portion of the statute “meaningless.” Id., 97-1542 at 15; 729 So.2d at 1123; see SWAT 24 Shreveport Bossier, Inc. v. Bond, 00-1695, p. 12 (La.6/29/01); 808 So.2d 294, 302. (“Courts should give effect to all parts of a statute and should not adopt a statutory construction that makes any part superfluous or meaningless”).
| ^Defendants maintain the statute actually provides for two different scenarios: (1) a waiver occurs in a single case, and only the political subdivision can request a jury; or (2) a blanket waiver occurs and both the political subdivision and the plaintiff may request a jury. But this reading is not supported by the plain language of the statute; under a literal application of La.Rev.Stat. § 13:5105(D), once the prohibition is waived, either party can demand a jury. See Pumphrey v. City of New Orleans, 05-979, p. 14 (La.4/4/06), 925 So.2d 1202, 1211 (“[A] court must give effect to the literal application of the language of a statute, including its grammatical construction, except in the rare case where such application will produce absurd or unreasonable results.”). The only scenario provided for in La.Rev.Stat. § 13:5105(D) is for a blanket waiver, offering both plaintiff and the political subdivision equal opportunity to request a jury.
This reading of the statute is supported by our decision in Beauclaire v. Greenhouse, 05-0765 (La.2/22/06); 922 So.2d 501. In Beauclaire, plaintiff was injured in a vehicular accident with an Avoyelles Parish school bus. Following the accident, but prior to plaintiff filing suit, the Avo-yelles Parish School Board passed a resolution waiving the prohibition against jury *486 trials.[3] Id., 05-0765 at 2;. 922 So.2d at 503. In turn, plaintiff claimed La.Rev. Stat. § 13:5105(D) violated the equal protection clause of the Louisiana Constitution. The Court first noted the effect of a La.Rev.Stat. § 13:5105(D) waiver:
Waiver of the prohibition against a jury-trial by the political subdivision effectively places the parties in an equal status in their right to access a jury trial. Prior to waiver, both parties are bound by the provision of LSA-R.S. 13:5105(A) which bans jury trials against political subdivisions of the state. Once the jury trial prohibition is waived in accordance with Section D, either party may demand a jury trial.... Execution of a waiver by a political subdivision returns the |1sparties to the status occupied if the prohibition provided in Section A did not exist.
Id., 05-0765 at 9; 922 So.2d at 507. The Court concluded there was no violation of the equal protection clause, as the waiver by the school board was in place at the time plaintiff filed suit. Thus, “[a]t the time suit was filed either party was entitled to request a jury trial ... both parties had equal access to a jury trial, and [were] treated the same.”[4]
We also find additional language in the státute indicates a blanket waiver is required. La.Rev.Stat. § 13:5105(D) provides a political subdivision may waive the prohibition against a jury trial “by general ordinance or resolution.” (emphasis added). As noted in our discussion of Article III, § 12(A), the term “general” is used in contradistinction to the term “special.” See Deer Enter., LLC, 10-0671 at 5; 56 So.3d at 942. Thus, an ordinance or resolution is general in nature when it affects the entire community, as opposed to a special ordinance or resolution which “grant[s] franchises or special privileges to persons or corporations.” See 5 Eugene McQuillin, The Law of Municipal Corporations § 15.10 (3d ed.2004) (distinguishing general and special ordinances); ef. Deer Enter., LLC, 10-0671 at 5; 56 So.3d at 942 (defining general and special laws).
We also note when the Legislature added La.Rev.Stat. § 13:5105(D) to the Louisiana Governmental Claims Act in 1996, the initial version of the bill amending the Act, provided a political subdivision could waive its right to a nonjury trial by “ordinance or resolution.” H.R. 27, 66th Leg. 1st Extraordinary |HSess. (La.1996). A subsequent version of the bill added the word “general” to “ordinance or resolution.” H.R. 239, 66th Leg. 1st Extraordinary Sess. (La.1996). This change evidences a clear intent by the Legislature to prevent political subdivisions from waiving the prohibition by special ordinances or resolutions. See Deculus v. Welbom, 07-1888, p. 6 (La.10/1/07); 964 So.2d 930, 934. The use of the word “general” further supports an interpretation of the statute, requiring a waiver as to all parties, rather than just in a specific case.
*487 The Kenner defendants propose the use of both “ordinance” and “resolution” in the statute indicates the Legislature intended political subdivisions to have two options; a political subdivision can waive the prohibition in all cases through a “general ordinance” or waive the prohibition on a case-by-case basis through a resolution. This Court and various commentators have distinguished “ordinances” and “resolutions” by noting “ ⅛ resolution deals with matters of a special or temporary character; an ordinance prescribes some permanent rule of conduct or government to continue in force until the ordinance is repealed.’ ” James, 286 La. at 497-98, 108 So.2d at 102 (quoting McQuil-lin, supra, § 15.02). The proper connotation to be placed on a word in a statute, however, does not depend on an isolated definition attributable to it; instead, the word and the context in which it is used shall be considered. David v. Our Lady of the Lake Hosp., 02-2675, p. 11 (La.7/2/03); 849 So.2d 38, 46. We must also consider the law in its entirety to determine its meaning and intent, and construe the provision in a manner consistent with the express terms of the statute and with the obvious intent of the lawmaker in enacting it. SWAT U, 00-1695 at 12; 808 So.2d at 302.
Here, the Legislature deliberately added “general” to describe the method of waiver, and there are reasons the Legislature could have provided for waiver by both ordinance and resolution, which would not conflict with this provision. See | nMcGlothlin, 10-2775 at 11; 65 So.3d at 1228. First, the charters of some political subdivisions contain specific provisions as to what actions by the political subdivision must be enacted through an ordinance and what actions may be passed by either an ordinance or resolution. See, e.g., Breaux v. Lafourche Parish Council, 02-1422, p. 7-8 (La.App. 1 Cir. 5/9/03); 851 So.2d 1173, 1177-78; Eubanks v. City of Opelousas, 590 So.2d 740, 743 (La.App. 3 Cir.1991). By providing the option of acting by either ordinance or resolution, the statute allows political subdivisions to comply with the dictates of their individual charters. Additionally, given a choice, a political subdivision could prefer to act by resolution, as a resolution generally does not require the same “formalities [and] solemnities” as an ordinance. McQuillin, supra, § 15.02; see 2 SandRA M. Stevenson, Antieau on Local GoveRnment Law, § 25.10 (2d ed.2009).
Therefore, we find, under La. Rev.Stat. § 13:5105(D), a political subdivision may only waive their right to a nonju-ry trial through an ordinance or resolution waiving the right in all cases, not in a specific suit. Because the Kenner Resolution waived this right only in the instant case, it is invalid under La.Rev.Stat. § 13:5105(D) and the Kenner defendants are not entitled to a trial by jury.
III. Jones v. City of Kenner
The Kenner defendants argue the Court of Appeal erred in reaching the issue of the validity of the Kenner Resolution because, under Jones v. City of Kenner, 338 So.2d 606 (La.1976), the prohibition on trial by jury does not extend to the City’s insurers, Gemini and Clarendon. Thus, trial by jury was required for the insurers in the instant case, regardless of any action by the City. In turn, plaintiffs contend there is no separate triable issue particular to the insurers, as Gemini’s and Clarendon’s liability depends solely on the negligence of the Kenner defendants. Under these circumstances, requiring a bifurcated trial, where the Kenner ^defendants’ liability is determined by a judge and the insurers’ liability is deter *488 mined by a jury is wasteful and duplica-tive.
After the Legislature’s 1960 adoption of the forerunner to the Louisiana Governmental Claims Act, which provided “[n]o suit against the state or other public body shall be tried by jury,” courts considered whether in a suit against the state or other political body, the liability of other nongovernmental defendants could be tried by jury. See Fontenot v. Patterson Ins., 080414, p. 6 (La.12/12/08); 997 So.2d 529, 533. Following conflicting decisions by the courts of appeal, this Court initially held jury trials are prohibited against any defendant in a case in which a public body is a party to the principal demand. Jobe v. Hodge, 253 La. 483, 493, 218 So.2d 566, 570 (1969). In Champagne v. American Southern Insurance Co., 295 So.2d 437 (La.1974), however, this Court concluded the liability of nongovernmental defendants could be tried to a jury, while the liability of the public body was tried to the trial judge. Id. at 439. The Champagne court noted La.Code Civ. Proc. art. 1731 recognized the right to jury trial with only certain express exceptions. Id. While the statute prohibited jury trials against the state and other public bodies, there was no express prohibition for nongovernmental defendants who were parties to the suit. Id.
In 1975, the Legislature enacted La.Rev. Stat. § 13:5105, prohibiting jury trials in suits against the state, a state agency, or a political subdivision. Acts 1975, No. 434, § 1. Subsequently, in Jones, plaintiff brought suit against the City of Kenner and its liability insurer. Following Champagne, we found, while La.Rev.Stat. § 13:5105 expressly stated a jury trial is not available to a political subdivision, “it does not extend this exemption from jury trial to the public body’s liability insurer.” Id. at 607. Thus, plaintiffs could not be deprived of their right to a trial against a defendant-insurer because a governmental defendant was joined as 117a party “despite any identity or substantial similarity of the issues against both.” Id. In such cases, as in Champagne, there is to be one trial with the jury deciding issues as to the nongovernmental defendant and the judge as to the governmental defendant. Id. at 608.
In the years since our decision, appellate courts have differed greatly in their approach to Jones. While some courts have strictly applied Jones’s rule requiring a bifurcated trial for a political subdivision and its insurer,[5] other courts have extended the prohibition on jury trials to the insurer when its liability was vicarious, not independent. Generally these courts have found a bifurcated trial was unnecessary where the insurer’s liability was simply contingent on the liability of its insured.[6]
Since our decision, this Court has not returned at length to the issue raised in *489 Jones, and we have never specifically addressed whether a political subdivision’s insurer is entitled to a trial by jury where the political subdivision has not waived its right to a nonjury trial under La.Rev.Stat. § 13:5105(D). In Powell v. Regional Transit Authority, 96-0715 (La.6/18/97); 695 So.2d 1326, however, we addressed a similar issue, whether there should be a bifurcated trial when there were two 1^defendants: a political subdivision, which was only vicariously liable, and its employee.[7] Under these circumstances, we found
separate trials of each defendant with separate triers-of-fact serve no useful purpose except to accord the employee of the targeted defendant his or her arguable statutory right to a jury trial. On the other hand, separate trials promote the substantial possibility of inconsistent decisions on the liability of the employee, with the additional possibility of inconsistent quantum awards.
Id., 96-0715 at 8; 695 So.2d at 1330-31. We find this reasoning equally compelling in the present case. Where an insurer’s liability is vicarious and there is no independent claim against the insurer, separate triers of fact serve no useful purpose, as the insurer’s liability is merely contingent on the political subdivision’s liability. In such cases, where the only triable issues are a political subdivision’s negligence and the extent of damages, the jury would not assess any issue separate and distinct from the political subdivision’s liability. Thus, an additional trier of fact in these cases would provide no benefit, but only unnecessarily complicate the proceedings, and tend to create an absurdity.
We also note the significant possibility of inconsistent decisions. One reason for the reluctance by lower courts to strictly apply Jones may be the practical difficulties inherent in bifurcated trials, particularly the difficulty of resolving conflicting verdicts by the two triers-of-fact. In Thornton v. Moran, 343 So.2d 1065 (La.1977), this Court, in remanding such a case to the court of appeal, directed it to “resolve the differences in the factual findings between the jury and the judge ... and ... render a single opinion based on the record.” Subsequently, courts of appeal have applied varying standards to reconciling verdicts, with some courts employing manifest error review, others the de novo standard, and still 119others in recent cases adopting more complex rules for reviewing conflicting results. Fontenot, 08-0414 at 7-8; 997 So.2d at 534; see, e.g., McDaniel v. Carencro Lions Club, 05-1013, p. 14-15 (La.App. 3 Cir. 7/12/06); 934 So.2d 945, 960, writ denied, 06-1998 (La.11/3/06); 940 So.2d 671; Eppinette v. City of Monroe, 29,366, p. 7-8 (La.App. 2 Cir. 6/20/97); 698 So.2d 658, 665; Aubert v. Charity Hosp. of La., 363 So.2d 1223, 1226-27 (La.App. 4 Cir.1978), writ denied, 365 So.2d 242 (La. 1978); see also Benjamin D. Jones, Comment, Conflicting Results: The Debate in Louisiana Courts Over the Proper Method of Appellate Review for Inconsistent Verdicts of Bifurcated Trials, 56 Loy. L.Rev. 995, 1011-1026 (2010). We have also noted, where reasonable minds could differ with respect to the evidence, a motion for judgment notwithstanding the verdict could not be used as a procedural tool to reconcile conflicting decisions. Davis v. Witt, 02-3102, p. 10 n.14 (La.7/2/03); 851 So.2d 1119, 1126 n. 14 (“This is clearly not *490 the function of a JNOV.”). Further, the difficulty in reconciling conflicting verdicts undercuts the policy of having separate triers of fact for a political subdivision and its insurer because one of the verdicts will be changed in the process, as the Second Circuit has noted:
[Reconciliation] changes one of the verdicts of the two triers-of-fact (most likely the jury’s verdict) which may be reasonably supported by the evidence and not manifestly erroneous. Thus, if a jury’s verdict, which is not manifestly erroneous, may ultimately be “restructured” and overruled by such reconciliation by the trial judge or appellate court, then the rule of Jones requiring the use of two fact finders in the first place is defeated.
Tellis v. Lincoln Parish Police Jury, 40,365, p. 6-7 (La.App. 2 Cir. 12/14/05); 916 So.2d 1248, 1252, writ denied, (La.4/24/06); 926 So.2d 542. While the issue of the correct standard of appellate review for conflicting verdicts is not before us, we are cognizant of the practical difficulties inherent in bifurcated trials in reaching our decision.
| ¡^Therefore, we find a political subdivision’s insurer is not entitled to trial by jury where the political subdivision has not waived the prohibition, and the insurer’s liability is vicarious, not independent. A bifurcated trial is not necessary in such suits where there are no other nongovernmental defendants.[8] Accordingly, we expressly overrule Jones to this extent. In the present case, no party asserts any independent basis for the insurers’ liability; Gemini and Clarendon would only be held liable if the Kenner defendants are held liable. As we noted earlier, the Ken-ner Resolution was an ineffective waiver under La.Rev.Stat. § 13:5105, and thus, neither the Kenner defendants nor the insurers are entitled to a trial by jury.
CONCLUSION
In summary, we find the plain language of La.Rev.Stat. § 13:5105(D) does not permit a political subdivision to waive the prohibition against jury trials in a single case. We further find a political subdivision’s insurer is not entitled to a trial by jury where the political subdivision has not waived the prohibition pursuant to La.Rev. Stat. § 13:5105(D), and the insurer’s liability is vicarious, not independent. As the City did not enact an effective waiver under the statute, neither the Kenner defendants nor the insurers are entitled to a jury trial. Consequently, we affirm the judgment of the Court of Appeal, but for different reasoning.
DECREE
For the foregoing reasons, the judgment of the Court of Appeal is hereby affirmed.
AFFIRMED.
KIMBALL, C.J., concurs in part, dissents in part and assigns reasons.
VICTORY, J., dissents and assigns reasons.

. We note the initial writ application was filed by the City alone, but a second writ application was filed by all defendants. Both writ applications have been consolidated in this proceeding.

. Compare Beauclaire v. Greenhouse, 05-0765, p. 2 (La.2/22/06); 922 So.2d 501, 503; Kimball v. Allstate Ins. Co., 97-2885, p. 8-9 (La.4/14/98); 712 So.2d 46, 53 (blanket waivers), with Slidell, La., Resolution R98-59 (Nov. 10, 1998), available at http://www. slidell.la.us/citycouncil/files/Resolutions/1998/ R98-59.pdf (waiving the prohibition against jury trial in Sechrest v. City of Slidell) (last visited Jan. 9, 2012); Calcasieu Parish School Board, Resolution Waiving Prohibition Against a Jury Trial in the Matter Entitled: Haley v. Calcasieu Parish School Board; Docket # 97-8729, 14th Judicial District Court (July 28, 1998), available at http://www. cpsb.org/system/policies/caps/Minutes/Added Min/98-07-28.htm (last visited Jan. 9, 2012).

. We note the school board in Beauclaire waived the right to a civil jury trial in all cases, and this waiver was well in place before suit was filed. See Beauclaire, 05-0765 at 9; 922 So.2d at 507.

. In Kimball v. Allstate Ins. Co., 97-2885, p. 21 (La.4/14/98); 712 So.2d 46, 61, while addressing whether a La.Rev.Stat. § 13:5105(D) waiver was unconstitutional under La. Const. art. VI, § 25, this Court stated in apparent dicta "[t]he adoption of a resolution ... which allows for that political subdivision to waive the prohibition of R.S. 13:5105(A) and elect on a case-by-case basis whether it desires a jury trial, does not ‘establish’ or ‘affect’ any ‘court’ or ‘court officer' within the meaning of this constitutional provision.” As the issue was merely whether a waiver constituted an "assertion of municipal authority into judicial procedure,” this comment made no part of the holding of the case.

. See Tallis v. Lincoln Parish Police Jury, 40,365, p. 5-7 (La.App. 2 Cir. 12/14/05); 916 So.2d 1248, 1251-52, writ denied, 06-0152 (La.4/24/06); 926 So.2d 542; Smith v. City of Lake Charles Police Dep’t, 03-155, p. 2-3 (La.App. 3 Cir. 11/5/03); 858 So.2d 869, 871, writ denied, 03-3320 (La.2/13/04); 867 So.2d 696; Konneker v. Sewerage & Water Bd. of New Orleans, 96-2197, p. 4-5 (La.App. 4 Cir. 11/19/97); 703 So.2d 1341, 1344-45, writ denied, 97-3137 (La.2/13/98); 709 So.2d 760; Scurria v. Madison Parish Police Jury, 566 So.2d 1077, 1082 (La.App. 2 Cir. 1990); McCoy v. Ouachita Parish Police Jury, 564 So.2d 747, 749-50 (La.App. 2 Cir. 1990).

. See Jackson v. Madison Parish Sch. Bd., 34, 228, p. 10-11 (La.App. 2 Cir. 1/24/01); 779 So.2d 59, 66; DeCourt v. Caracci, 97-393, p. 5-6 (La.App. 5 Cir. 11/12/97); 704 So.2d 42, 46, writ denied, 97-3095 (La.2/13/98); 709 So.2d 756; Doe v. Bd. of Supervisors of La. State Univ., 517 So.2d 488, 490-91 (La.App. 1 Cir.1987); Dean v. Terrebonne Parish Police Jury, 510 So.2d 82, 86 (La.App. 1 Cir.1987).

. In Powell, we resolved this issue by looking to the 1988 amendment making the Louisiana Government Claims Act applicable to “any suit ... against an officer or employee of a political subdivision arising out of the discharge of his official duties or within the course and scope of his employment,” which had been overlooked by the trial court. Powell, 96-0715 at 8-9; 695 So.2d at 1331.

. Under Champagne, trials involving governmental defendants and nongovernmental defendants, other than insurers of a political subdivision where the insurer's liability is vicarious, would still be tried separately, with the jury deciding issues as to the nongovernmental defendants and the judge as to the governmental defendants. See Champagne, 295 So.2d at 439.